JOSEPH B. COFIELD, Plaintiff in Error, v. DAVID FURRY, Defendant in Error.

ERROR TO ADAMS.

The statute of seven years' limitation does not require that the possession, under claim and color of title, should be continued in one person; nor that the same person shall pay all the taxes for that period; nor that the taxes shall be paid during the year for which they accrued; nor that the person in possession, for a portion or the whole of a particular year, should pay the taxes of such year. It is sufficient if the taxes are paid under claim and color, by those having or succeeding to the possession.

The taxes of any year may be paid at any time before sale.

If taxes are paid by a tenant, the payment will enure to the benefit of his landlord, or if by a trustee or a *cestui que trust*, to the benefit of the combined legal and equitable title claimed.

THIS was a suit in ejectment, brought by plaintiff in error, in Circuit Court of Adams county, at the March term thereof, 1855, for the recovery of the S. E. quarter of S. E. quarter of Sec. 15 S., 1 N., R. 8 W. of fourth principal meridian.

Declaration in usual form. Plea of not guilty. Jury dispensed with, and trial before the Hon. JOSEPH SIBLEY, Judge, March term, 1856. Judgment for defendant.

Bill of exceptions proves that plaintiff gave, in evidence, a patent for the premises in controversy from the United States to Isaac Gleason, dated December 14th, 1817, and a regular chain of conveyances from patentee to plaintiff. Defendant admitted his possession at commencement of suit.

Defendant called witness, and proved that James Bean occupied the land in controversy from 1841 to 1845; that Alexander H. Parsons occupied said land from 1845 till the fall of 1849; that Josephus and George W. Vandruff occupied said premises from the fall of 1849 to 1851 or 1852; that they then sold to

defendant, who has since occupied the land. The defendant then introduced, in evidence, a deed from James Bean and wife to James Ivans, dated May 3rd, 1845, and a deed from James Ivans to Alexander H. Parsons, dated September 12th, 1845.

The defendant then introduced, in evidence, a record of the Circuit Court of Adams county, State of Illinois, embodying a bill in chancery to foreclose a mortgage from Alexander H. Parsons to James Ivans, dated September 12, 1845. Also, a decree of sale. Report by master in chancery of sale by him to O. C. Skinner, made July 12th, 1847. A deed from master to O. C. Skinner, dated October 20, 1848, and decree approving deed, dated October 23, 1848.

The defendant then introduced, in evidence, a deed from C. A. Warren and O. C. Skinner to George W. Vandruff, dated January 14, 1851, and a deed from George W. Vandruff to David Furry, defendant, dated January 30, 1852.

Defendant proved that Parsons took possession of the premises immediately upon Bean leaving, and Vandruff took possession immediately on Parsons leaving, and Furry upon Vandruff leaving.

The defendant then proved, by C. A. Warren, that Skinner bid in said property, at the master's sale, as attorney for James Ivans; that after the sale, and prior to the deed by the master to Skinner, an arrangement was made between Warren and Skinner, as attorneys for defendant and Alexander H. Parsons, by which Skinner, as one of the attorneys for Ivans, was to hold the title of the property until Parsons should pay the amount due Ivans, when Parsons was to have it back. Said arrangement was verbal. Witness could not remember the terms of said arrangement, or at what time the money was to be paid by Parsons, or how long said arrangement was to be in force, nor at what time the first payment was made to Skinner, under said arrangement, or paid by Parsons or Vandruff. An instrument in writing was then shown the witness, from which the signature had been torn off, dated June 20, 1849, which stated that Josephus and George Vandruff had that day bought of A. H. Parsons the farm on which he then lived, and agreed to pay him four hundred dollars on or before the 1st day of September then next ensuing, with interest from date of said instrument,—said Vandruff to get possession on the day the money was to be paid.

Witness then swore that said instrument was brought to Warren and Skinner, after its date, by Parsons and Vandruff, but he could not remember at what time. That it was approved by Warren and Skinner, but when, witness could not state—but it was at the time when it was brought to Warren and Skinner

Cofield *v.* Furry.

by Parsons and Vandruff, and that on the 14th January, 1851, a deed was made by Warren and Skinner to George W. Vandruff. Witness swore that, as he believed, when he first saw said instrument, it had Parsons' name signed to it.

Defendant then proved: That on 15th June, 1849, Parsons paid the taxes for 1848; that on 13th February, 1850, Josephus and George W. Vandruff paid the taxes for 1849; that they also paid, on 28th January, 1851, the taxes for 1850; that on the 3rd January, 1852, G. W. Vandruff paid taxes for 1851; that on 1st January, 1853, David Furry paid the taxes for 1852; and in 1854 said Furry paid taxes for 1853, and in 1855 he paid the taxes for 1854.

Plaintiff then called George Edmonds, and proved that O. C. Skinner, through whom the title passed in this case, was an able and intelligent lawyer at the time he held said title, and that he was, at the time of trying this case, one of the judges of the Supreme Court of Illinois.

This was all the evidence in the case.

The court found the issue for defendant; whereupon plaintiff moved for a new trial.

The court overruled the motion, and gave judgment for defendant.

To which decision of the court—finding the issue for defendant, overruling motion for new trial, and rendering judgment for defendant—the plaintiff excepted.

WILLIAMS, GRIMSHAW & WILLIAMS, for Plaintiff in Error.

BROWNING & BUSHNELL, and GEORGE EDMONDS, for Defendant in Error.

SKINNER, J.    The record in this case shows that Parsons, in 1845, being in possession of the land in controversy, under claim and color of title made in good faith, executed a deed of mortgage of the same to Ivans, which mortgage was foreclosed, and the land sold, under the foreclosure, to Skinner, July 12, 1847; that Parsons, on this sale, made an arrangement with Skinner by which he was to pay the mortgage debt, and have a conveyance of the land, on such payment, from Skinner to him; that, June 20, 1849, Parsons, by arrangement of Vandruffs with Skinner that Skinner should convey to them, sold to Vandruffs, and surrendered possession to them; and that Skinner, January 14, 1851, executed a deed for the land to Vandruffs; that Vandruffs, January 30, 1852, sold and conveyed the land to the defendant below, who took possession, and since has held the same.

13

The record also shows the payment of all taxes assessed on the land for the seven years next preceding the commencement of the suit, as follows: By Parsons, for 1848; by Vandruffs, for 1849, 1850 and 1851; and by the defendant, for 1852, 1853, 1854 and 1855. This action was commenced in 1855.

The plaintiff, having proved *prima facie* title, the question is, Has the defendant shown such claim and color of title, and payment of taxes, as will bar the plaintiff's action?

The statute does not require the possession, under claim and color, to be continued in one person for the period of limitation, nor that the same person shall pay all the taxes for that period. The statute provides that: " All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession, and continue to pay the taxes, as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." Nor does the statute require that the taxes be paid during the year for which they accrued. Nor does a fair construction of it require that the person in possession, for a portion, or the whole, of a particular year, should pay the taxes of such year. It is sufficient if the taxes for the seven years are paid, under claim and color, by those having or succeeding to the possession, held and continued under claim and color.

One object of the statute is to secure payment of the public dues, and the benefit of the payment inures to those who pay under claim and color, and to those who succeed them, and, under claim and color, continue the possession and complete the payment of taxes for the series of years named. The taxes of any one year may be paid at any time before the sale for taxes, which is usually many months after the expiration of the year for which they accrued, and, in practice, they are seldom paid during the year.

The construction contended for would preclude a sale of the land and surrender of possession during a current year, for, in such cases, two persons would be in possession during portions of the same year, and neither could pay the taxes for the portion of the year of his possession.

The statute must be so construed as to give it effect and practical operation consistent with its provisions, and the evident purposes of its enactment, in view of its application to the subject to which it relates.

When the title of Parsons passed to Skinner, by judicial sale, Parsons continued to hold under him, and in subservience to his title, or as purchaser, and he and Vandruffs continued so to hold until the deed from Skinner to Vandruffs was executed;

and whether Skinner is treated as a trustee, holding the legal title, and they the *cestuis que trust*, or as the landlord, and they his tenants, the same result follows; for, in either case, the possession and payment of taxes were under the title, as it had before existed in Parsons, and would inure to the benefit of the defendant, who succeeded them, and to the title under which the taxes were paid.

The true question in such case is, Under what title were the taxes paid? If they were paid under no claim and color, or under title adverse to that to which they are sought to be applied, the payment is unavailing. But, if paid by the tenant, his payment, like his possession, is, in legal effect, the act of the landlord. If the payment is made by the *cestui que trust*, the effect is the same as if made by the trustee, for the two interests united make the estate, or legal and equitable title to the land, standing together, and not in hostility to each other. *Ponge* v. *Chinn*, 5 Dana R. 54; *Collins* v. *Smith*, 18 Ill. R. 160.

*Judgment affirmed.*