JARED P. IRWIN, Appellant, *v.* DAVID MILLER, Appellee.

APPEAL FROM SANGAMON.

28  401
138  18

Where the record shows the introduction of evidence to establish a color of title only, a party will not be permitted to shift his ground, and use the evidence for another and different purpose.

The word "*paid*" on a collector's book, opposite a tract of land, is not evidence that the taxes were paid by the person in whose name the land is listed.

A claimant under a tax deed should show affirmatively that he paid the taxes.

An affidavit of loss of receipts, might authorize proof of their contents, but not the introduction of the collector's book, to prove by the word "paid," entered on them, the contents of such receipts.

THE opinion of Mr. Justice BREESE gives a full statement of the case. The hearing in the Circuit Court was before RICE, Judge.

HAY, CAMPBELL & CULLOM, for Appellant.

E. B. HERNDON, for Appellee.

BREESE, J. This was an action of ejectment brought by the plaintiff against the defendant, for the premises described in the declaration, and tried by the court, a jury being waived.

The plaintiff, on the trial, showed title in himself to the premises, regularly deduced from the government of the United States.

The defendant, to make out his defense under the limitation laws of the State, then offered and read in evidence, as color of title, a sheriff's deed to N. W. Edwards, for the premises in controversy, executed the 26th of May, A. D. 1845, on a sale of the premises for taxes for the year 1842; sale 3rd of April, 1843; and in connection therewith, a judgment and precept of the Sangamon Circuit Court for the year aforesaid, against the land, and also a chain of conveyances from Edwards to himself, showing a connected color of title under said sheriff's deed. The bill of exceptions then set forth : "The defendant further, to maintain his said defense, then offered in evidence the collector's book, of said county, which said collector's book showed that the land in controversy had been assessed for taxes for ten years to the defendant, and the persons under whom he claims title as aforesaid, and upon which said books, for each year aforesaid, the word "paid" was marked opposite the land in controversy ; and said defendant further made oath that the tax receipts for any of those years, except 1853, 1854, 1855 and 1857, were not in his possession, and thereupon offered said col-

lector's book for the remainder of ten years aforesaid, for the purpose of showing payment of the taxes on said land for the years aforesaid, by the defendant, and those under whom he claims. The plaintiff objected to this evidence. The objection was overruled, and exception taken. The defendant then showed receipts for the taxes on the land to himself and those under whom he claimed for the years 1853, 1854, 1855 and 1857. This was all the evidence. The court found for the defendant, and gave judgment against the plaintiff for the costs. A motion was made for a new trial, which being overruled, exception was taken.

The errors assigned are: 1st. That the court erred in receiving improper testimony. 2nd. That the finding of the court, on the evidence, was erroneous. That the court erred in overruling the motion for a new trial, and in rendering judgment against the plaintiff.

The appellant contends now, here, that the defense under the limitation laws, was not made out by the evidence—that there was no evidence as to whether the land was vacant or occupied, or whether it was in the possession of the plaintiff or defendant, for the period necessary to make out the limitation—that under the 9th section of the act of 1839, it was necessary to show that the land was vacant and unoccupied; but in this case *non constat*, but that plaintiff himself was in possession of the land all the time—that under the 8th section it was necessary for the defendant to have shown possession with payment of taxes, and *color* of title.

There was no evidence of seven years payment of taxes. The evidence offered was improper, and did not prove it. He further contends that this was not a case in which a resort to secondary evidence was admissable, for any other purpose than to prove the contents of the tax receipts. That payment of taxes may be proved by any other legitimate evidence, and hence the affidavit of the loss of the receipts was not necessary to let in other evidence. Appellant contends that whatever mode was resorted to, to prove the payment, that mode should have afforded legitimate and sufficient evidence of the fact, not only of the payment of the taxes, but of payment by the defendant, or those under whom he claimed. That the production of the collector's book, with the word "paid" written opposite the tract, did not prove payment by the defendant, or those under whom he claimed.

The plaintiff, on the other hand, seeming to abandon the original grounds of recovery, now contends here, that the judgment, execution, sale, and sheriff's deed, make out a good title in himself, and that he can now prevail on such title.

On this point, it may be sufficient to observe, that the record shows these proceedings, sale and deed, were offered as color of title only, and the plaintiff must be held to it. He cannot now shift his ground, and use the deed for another and different purpose.

The objections taken by the appellant, we conceive, are well taken. There was no proof that the land was vacant and unoccupied when the plaintiff's color of title commenced. The word "paid," entered on the collector's books, opposite this tract of land, is no evidence that the taxes were paid by the person in whose name it was listed—*non constat*, that the taxes were paid by the owner of the government title. The claimant under the tax deed should show affirmatively that he paid the taxes. The law will not presume that to favor him.

The affidavit of the loss of the receipts for taxes, could only let in evidence of their contents, not of the books, as establishing, by the word "paid" marked on them, the contents of the receipts. Payment of taxes, as we have held, in *Hinchman* v. *Whetstone, ante* p. 185, can be proved by evidence other than the tax receipts, and also the party who paid them. There being, then, no evidence that the defendant had paid the taxes assessed against this land, for the seven years required by law, the judgment must be reversed, the cause remanded, and a new trial had.

*Judgment reversed.*