WILLIAM A. P. BLANCHARD and WILLIAM McLAREN

*v.*

THOMAS PRATT.

1. INSTRUCTIONS —*forcible entry and detainer.* An instruction, which, by its terms, cuts off all consideration of an actual adverse possession in the opposite party is erroneous.

2. *As to color of title.* It is objectionable in an instruction, if it fails to define what is color of title, that being a question of law.

3. SAME—*as to legal possession.* An instruction on the question of legal possession is objectionable, if it leaves it to the jury to say what is a legal possession, for that is a question of law.

4. EVIDENCE—*witness swearing falsely.* It is error to tell the jury if a witness has sworn falsely in one particular, his whole testimony must be rejected, for he may, in other portions of his testimony, be corroborated.

5. Where it appears, from the record, that improper instructions have been given, and that justice had not been done, the judgment will be reversed.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of forcible entry and detainer, brought by Thomas Pratt, before a justice of the peace of Bureau county, against William A. P. Blanchard and William McLaren. The forcible entry was charged to have been on the southwest quarter of section twenty-six, in town fifteen north, range six, east of the fourth principal meridian, in the county of Bureau. A verdict was found for* Pratt, and a judgment of restitution awarded, from which Blanchard and McLaren appealed to the Circuit Court.

On the trial in that court, the same judgment was rendered, from which, this appeal is taken, and various errors assigned. It is not deemed necessary to notice any of the errors assigned, except those considered by the court, and they were the errors assigned on the instructions. For the same reason, the facts of the case are not stated.

The instructions given for the plaintiff, and to which the defendants excepted, were as follows:

2. Although the jury should believe, from the evidence, that Blanchard and McLaren, the defendants, or one of them, broke up a portion of ground on the land in dispute in the spring of 1861, for the purpose of taking possession, claiming the whole in such public manner as to apprise the neighborhood of such facts, if the jury believe, from the evidence, that at the time they so took such possession, they had no color of title to the tract of land in dispute, then their possession is confined in law to the quantity of ground so broken up.

9. If the jury believe, from the evidence, that at the time of the breaking by Pratt, he had a lease or paper title to the entire quarter section in dispute, and he did such breaking under such lease or paper title with the intention of taking possession of the entire tract, and claimed title to the entire tract, such breaking extended his possession to all the land embraced in the lease or paper title.

13. If the jury find, from the evidence, that Pratt took actual possession, by breaking of part of the land in dispute, claiming the whole under a lease, and that afterwards, while he was so in possession, Blanchard and McLaren entered upon the land, by moving a house upon it, and breaking or fencing it against Pratt's consent, wrongfully and without right, and that Pratt's possession was prior to any legal possession of the defendants, they should find for the plaintiff.

19. If the jury believe, from the evidence, that any witness has sworn wilfully, knowingly and falsely to any material point, they are warranted in entirely discrediting his whole testimony.

Mr. MILO KENDALL and Mr. GEORGE O. IDE for appellants.

Mr. T. G. FROST for appellee.

Mr. JUSTICE BREESE delivered the opinion of the court:

The points on this record arise out of the instructions given by the court, on behalf of the plaintiff, the appellee here, and which were excepted to at the time by appellants. They are twenty-one in number, the most of which we deem pertinent and relative to the case on trial, and based on the evidence adduced. Some of them are objectionable, which we will notice.

The ninth instruction for the appellee is as follows:

"If the jury believe, from the evidence, that at the time of the breaking by Pratt, he had a lease or paper title to the entire quarter section in dispute, and he did such breaking under such lease or paper title with the intention of taking possession of the entire tract, and claimed title to the entire tract, such breaking extended his possession to all the land embraced in the lease or paper title."

In the terms given, this instruction cuts off all consideration of an actual adverse possession of defendants, and is therefore wrong. Had there been no actual possession set up by the defendants, it would be well enough, but there being evidence tending to show such possession, the instruction should have been framed to save it; as given, it was too broad.

The second instruction is also objectionable, in not defining what color of title is. It does not rest with the jury to say what is or what is not color of title, it is for the court to say what is color of title.

The thirteenth instruction is also objectionable. It is this:

"If the jury find, from the evidence, that Pratt took actual possession by breaking part of the land in dispute, claiming the whole under a lease, and that afterwards while he was so in possession, Blanchard and McLaren entered upon the land by moving a house upon it, and breaking or fencing it against Pratt's consent, wrongfully and without right, and that Pratt's possession was prior to any legal possession of the defendants, they should find for the plaintiff."

The reason given in support of the objection to the second instruction applies equally to this. It leaves it to the jury to say what constitutes a legal possession. That is purely a question of law on facts proved. It is for the court, not the jury, to say what is a " legal possession."

The nineteenth instruction should have been qualified. It is as follows :

" If the jury believe, from the evidence, that any witness has sworn wilfully, knowingly and falsely to any material point, they are warranted in entirely discrediting his whole testimony."

We do not understand this to be the rule of evidence, laid down, as it is, so unqualifiedly. A witness may swear falsely as to one important fact, but in regard to other facts, he may be corroborated by the testimony of other witnesses. In such case, the jury would not be justified in discarding his whole testimony; therefore, the court should have added the words, " unless corroborated." As given, it is not the law, and was calculated to affect injuriously the defendant's case. But whether that would be the effect or not, it should have been qualified by the words suggested. *Crabtree* v. *Hagenbaugh,* 25 Ill., 240.

This court has frequently said, a judgment would not be reversed merely on the ground that improper instructions had been given, if, upon the whole record, it appeared substantial justice had been done, and this rule would govern in this case. A careful inspection of the whole record, however, does not satisfy us that such has been the result, but think the purposes of justice will be best subserved by sending the cause to another jury. For that purpose, the judgment is reversed and the cause remanded.

*Judgment reversed.*