## SETH W. HARDIN

*v.*

## SAMUEL M. W. GOUVENEUR.

1. LIMITATION—*under act of 1839—payment of taxes must be under the color of title.* Where limitation, under the act of 1839, is set up in defense, the true question in relation to the payment of taxes, is, under what title were they paid? If paid under no claim and color, or under title adverse to that to which they are sought to be applied, the payment is unavailing.

2. SAME—*payment, if made under the claim and color, need not be by the legal holder.* If the payment of taxes is made by the *cestui que trust*, the effect is the same as if made by the trustee, for the two interests united make the estate, or legal and equitable title to the land, standing together and not in hostility to each other. When paid by the trustee or *cestui que trust*, the landlord or the tenant, the same result follows. It is sufficient if the payment is made in subserviency to the claim and color relied on.

3. And it has been held that, although an agent has paid taxes in his own name instead of his principal's, it is sufficient, if the fact is clearly and satisfactorily shown, and that tax receipts thus given may be explained by parol evidence.

4. But where the color of title relied on was a deed to A, and the defendant, claiming through A, introduced in evidence, for the years 1852 to 1864, tax receipts showing payments in the name of B, and then a letter from B, dated in 1859, to a purchaser from A, stating that he inclosed a deed from A to the purchaser for the land in that county upon which he had been paying taxes: *Held*, that the letter failed to show that the payment was made for A by B, and that if it had so stated, it was not admissible to prove the fact, as it was merely his unsworn statement, and was not a part of the *res gestæ*.

5. SAME—*what is color of title.* A deed purporting to convey title is color of title, without regard to the good or bad faith of the holder. What is color of title, is a question of law; while good faith is one of fact, to be determined by the jury.

6. SAME—*presumption as to good faith.* According to the current of the decisions of this court, color of title made in good faith is shown by any deed or instrument which purports on its face to convey title, which a party is willing to and does pay his money for, apart from any fraud. The deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting it had no faith or confidence in it.

7. The faith of the holder of color of title, whether good or bad, depends upon the purpose with which he acquired it, and the reliance placed upon it. If the holder received it knowing it to be worthless or in fraud of the owner's rights, it can not be said to be held in good faith. So, if the deed discloses facts on its face showing it to have been illegally made, or made in fraud of the law, as, where it appears on its face to have been made on a sale for taxes before the redemption expired, this will not prevent it from being color of title; it will destroy the presumption of good faith.

8. It is essential, under the statute, that there be first color of title in the party setting up the bar; he must claim under it, and that claim must be in good faith. If either of these be wanting, then possession or payment of taxes will not avail. These things must concur to render the possession or the payment of taxes effective to create a bar.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of ejectment, by Seth W. Hardin, originally against Peter Rickey, the tenant in possession, for the recovery of the south-east quarter section 19, township 33 north, range 10 east of the third principal meridian. Under leave of court the name of Samuel M. W. Gouveneur was substituted as the defendant. A trial was had by the court without a jury, who found the defendant not guilty, and rendered judgment accordingly. The plaintiff brings the case here by appeal.

Mr. EDMUND S. HOLBROOK, for the appellant.

Mr. G. D. A. PARKS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the trial below, plaintiff having introduced *prima facie* evidence of title in himself, defendant read in evidence a deed

executed by John and Walter Lockwood to himself, for the premises in controversy, dated the 22d of January, 1840, as color of title. To prove payment of taxes for seven successive years, receipts were introduced for the years 1852 to 1864, purporting ·to have been paid by one Frederick Phillipsie. And in order to prove that appellee paid the taxes, a letter was read in evidence from Phillipsie to Parks, received by the latter in 1859. In the letter, Phillipsie says the lands in Will county on which he had been paying taxes had been conveyed to appellee by the Lockwoods, the deed for which he enclosed to Parks, with a request that it be filed for record. There seems to be no dispute that the land was vacant and unoccupied prior to 1862, or that it was then reduced to possession under appellee's claim and color of title.

Do these facts constitute a defense that may be invoked as a bar to a recovery? There was color of title, and possession was taken under that color, and the only thing that may be needed is, the payment of taxes in pursuance to the requirements of the statute. In the case of *Cofield* v. *Furry*, 19 Ill. 183, it was held that the true question is, under what title were the taxes paid. If paid under no claim and color, or under title adverse to that to which they are sought to be applied, the payment is unavailing. If the payment is made by the *cestui que trust*, the effect is the same as if made by the trustee, for the two interests united make the estate, or legal and equitable title to the land, standing together and not in hostility to each other. Whether paid by the trustee or the *cestui que trust*, the landlord or the tenant, the same result follows. This construction of the statute has been followed and applied without modification in numerous subsequent cases, and must be regarded as the settled law of this court. The principal question is, whether the taxes were paid in subserviency to the claim and color of title relied on as a bar, and if that clearly appears, then the payment is sufficient.

In accordance with this rule, it has been held that although an agent has paid in his own name instead of that of his prin-

cipal, it is sufficient, if the fact is clearly and satisfactorily shown. And tax receipts thus given may be explained by parol evidence. *Rand* v. *Scofield*, 43 Ill. 168; *Elston* v. *Kennicott*, 46 Ill. 199. And such payments may be explained or proved by parol. *Hinchman* v. *Whetstone*, 23 Ill. 187; *Irwin* v. *Miller*, 23 Ill. 401; *Keith* v. *Mafitt*, 38 Ill. 306; *Elston* v. *Kennicott*, 46 Ill. 199, and 52 Ill. 273. But whatever mode may be adopted, the evidence must be clear that they have been paid, and that it was under the claim and color of title interposed as a bar to the recovery.

The deed introduced and relied on as color of title was sufficient as such. It purported to convey the title to appellee. In the case of *Dickenson* v. *Breeden*, 30 Ill. 279, after reviewing our previous decisions, we said : " The current of the decisions of this court is, that color of title made in good faith. is shown by any deed or instrument in writing which purports on its face to convey title, which a party is willing to, and does, pay his money for, apart from any fraud, and pays all the public taxes assessed upon the land so conveyed. The deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting the deed had no faith or confidence in it." The question of what is color of title, is for the court, it being a question of law. *Shackleford* v. *Bailey*, 35 Ill. 387; *Blanchard* v. *Pratt*, 37 Ill. 243. Good faith is a question of fact, and is for the determination of the jury. *Woodward* v. *Blanchard*, 16 Ill. 424. And it is held to be the opposite of fraud or bad faith. And it has been held that the deed purporting to convey title is claim and color, as we have seen by the cases herein referred to, and when such a deed is produced it imports good faith until the presumption is overcome by other circumstances.

In a number of cases it has been inaccurately said, that a deed purporting to convey title is claim and color of title, made in good faith. Such a deed is undoubtedly color of title, and having been received by the grantee, and acted under as though it conveyed title, such action implies claim

of title. But color and claim may be made in good or in bad faith. The good or bad faith is not a result of color of claim. The faith, whether good or bad, depends upon the purpose with which the deed is obtained, and the reliance placed upon the claim and the color. A party receiving color of title, knowing it to be worthless, or in fraud of the owner's rights, although he holds the color and asserts the claim, can not render it availing, because of the want of good faith. But when a person buys and pays his money for color of title, pays taxes and acts with the property as persons do who are the owners, the presumption arises, until rebutted, that he has purchased and holds in good faith.

A deed which purports to convey title, although color, may disclose facts on its face that destroy the presumption of good faith. Such was the case of *Bowman* v. *Wettig*, 39 Ill. 416, where the sheriff made a deed before the time for a redemption expired. It was there said that, "The deed was made in fraud of the law. The appellant knew when he accepted this deed that he was not entitled to it, and was not in a position to accept it, and therefore can not use it as color of title made in good faith. The deed on its face informed him he was not entitled to a deed; that two years had not elapsed from the day of sale." It was also said in the same case: "Where a deed on its face discloses the fact that it is illegal, that it is executed in defiance of the law, the law will presume bad faith, while the presumption will be in favor of good faith until rebutted, when the deed is not prohibited by law, and purports to convey title."

In *Morrison* v. *Norman*, 47 Ill. 477, this case was commented upon, and was held not to sanction the rule, that such a deed was not color of title. It was held that, in the case then on hearing, the tax deed was color of title, although the holder had failed to give the notice of the tax sale, as required by the constitution, before taking out his deed. And we declined to say whether such want of notice would have overcome the presumption of good faith, as the question was not

raised by the record. So that in both of these cases, such irregularities were referred to the question of good faith and not to that of claim and color of title. Three things are essential under this statute: there must be color of title in the party; he must claim under it, and that claim must be made in good faith. If either of these three is wanting, then possession or payment of taxes will not avail. These three things must concur to render the possession and the payment of taxes effective to create a bar.

But was there evidence that Phillipsie paid these taxes under this color of title in appellee, or as his agent, under his direction and for his use? We think not. Phillipsie does not say so in his letter, nor can it be reasonably inferred that he did. Having paid them in his own name, the presumption, until rebutted, is, that he paid them for himself. But even had he so stated in the letter, that would not be evidence. It would have been no more than his unsworn statement, and as such, no rule would sanction its admission. It was not a part of the *res gestœ*, as the declaration, meager as it is, did not accompany the payment of the taxes for any one year, much less each of the numerous payments. The letter, if it had been admissible, did not prove the payment for appellee, under his color of title.

For the want of such proof, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*