EDMUND S. HOLBROOK, Devisee, etc.

*v.*

MARY M. GOUVENEUR, Devisee, etc.

*Filed at Ottawa November 14, 1885.*

1. LIMITATION—*under act of 1839, as to vacant and unoccupied land— entry under color of title—evidence—presumption.* Where a defendant in ejectment shows the payment of all taxes on the land, under color of title, for seven consecutive years while the land was vacant and unoccupied, and he is found or shown to be in possession when the action was brought, it will be presumed that his possession was under his color of title, especially when that fact was not disputed on the trial.

2. And where a party, as a condition to his being let in as a defendant in an action of ejectment brought in 1866, was required to admit by his plea that he was in possession of the premises when the suit was brought, and it was admitted that the land was vacant until the year 1862, when the plaintiff, without objection, read in evidence the return on the declaration, which showed that the defendant, another party, was then in possession, and judgment was for the defendant, it was *held,* that the judgment should not be reversed on the ground of the slightness of the evidence showing the defendant's actual possession under color of title before suit brought.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Mr. EDMUND S. HOLBROOK, *pro se :*

To make a defence under the ninth section of the Conveyance act of 1845, the defendant is required to establish three points: First, color of title; second, payment of taxes for seven years as to vacant lands by him, having color of title; and third, a reduction to actual possession of such vacant land. There is no proof as to the time defendant took possession, or that he came into possession under the color of title shown by him.

This suit was brought on February 24, 1866, against Peter Rickey, who, on February 14, 1871, withdrew his plea of not guilty, on the ground that he was not interested in the de-

fence, being a tenant of one Joseph I. Burton, who had notice of the suit, and refused to appear and defend. On the 15th of February, 1871, leave was given to Gouveneur to enter his name and appearance, and to defend as to the west half of the quarter section; but the court required him in his plea to admit possession of the premises at the time of the commencement of the suit. This admission so made, and for such a purpose, can not be construed as an acceptance of the truth of the plea by the plaintiff as a fact in evidence.

The rule that a pleading is to be construed most strongly against the pleader, should apply here. The court below construed it in his favor as an admission of the plaintiff. If Gouveneur took possession of Rickey, he would have acquired and held it, the same as Rickey, as tenant of Burton,—one not having color of title. It was held in *Dewley* v. *Van Court*, 21 Ill. 462, that the color-of-title man could not appropriate to himself a payment of taxes made by a stranger. It would be equally unreasonable that he should appropriate to himself a possession had by a stranger.

Messrs. GILBERT & ECKELS, for the defendant in error:

Under the general issue in ejectment, the plaintiff must prove, first, that he had the legal title in the premises at the time of the demise laid in the declaration; second, that he also had the right of entry; and third, that the defendant, or those claiming under him, were in possession of the premises when the suit was brought. 2 Greenleaf on Evidence, sec. 304.

From this it is apparent the plaintiff could not recover without proving possession in the defendant at the time of the commencement of the suit, and consequently could not be in a position to urge the want of proof of that fact as a ground for a reversal. On the other hand, the failure to make that proof entitled the defendant to a judgment. This rule is not changed by our statute.

On the question of limitation by seven years' payment of taxes on vacant land under color of title, see *Newland* v. *Marsh,* 19 Ill. 380; *Harding* v. *Butts,* 18 id. 506; *Robb* v. *Bowen,* 9 Pa. 71; *Paullin* v. *Hale,* 40 Ill. 177; *Hinchman* v. *Whetstone,* 23 id. 190; *Hale* v. *Gladfelter,* 52 id. 93; *Hardin* v. *Crate,* 60 id. 217.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by Seth W. Hardin, in the circuit court of Will county, against Peter Rickey, to recover the south-east quarter of section 19, town 33 north, range 10, east of the third principal meridian. A copy of the declaration was served on the defendant on the 19th day of February, 1866. The declaration was filed in court on the 24th of the same month, and on the 27th a rule was entered requiring the defendant to plead. On the back of the declaration will be found an affidavit of service, which contained the following: "He gave a copy of the within declaration and notice to the within named defendant, who was then in the actual occupation of the premises within described." To the declaration the defendant interposed two pleas: First, the general issue; and second, that he was not, when the action was commenced, in the possession of the west half of said quarter section of land in the declaration described. On the 14th day of February, 1871, the respective parties appeared in court by their attorneys, and defendant, Rickey, asked leave to withdraw his plea, on the ground that he was not interested in the defence, and the attorney for the defendant asked leave of court to enter the name of Samuel M. W. Gouveneur in the place of Rickey, and to defend as to the west half of the tract of land described in the declaration. The court, on the application, made the following order: "It is ordered by the court that the said Rickey have leave to withdraw his said plea, which is done; and that the said Gouveneur have leave

40—114 ILL.

to enter his name and appearance, and to defend as to the said west half," etc.  A default was then taken against Rickey as to the east half of the quarter section in litigation, and the substituted defendant filed a plea of the general issue, in which he admitted possession of the premises at the time of the commencement of the suit.  After the filing of this plea, and on the 27th day of February, 1871, a jury having been waived, a trial was had before the court, which resulted in a judgment in favor of the defendant.  The plaintiff appealed to this court, where the judgment was reversed, and the cause remanded.  (*Hardin* v. *Gouveneur*, 69 Ill. 140.)  After the remanding order had been filed, a second trial was had on the 10th day of June, 1878, before the court, without a jury, which also resulted in a judgment in favor of the defendant, to reverse which the plaintiff sued out this writ of error.

On the trial before the court the plaintiff read in evidence deeds which established a *prima facie* title in himself, and the defendant established color of title and seven successive years' payment of taxes while the land was vacant and unoccupied.  But it is contended by plaintiff in error that the evidence before the court was not sufficient to establish possession by defendant under color of title and payment of taxes, and for the want of such proof he claims that the judgment was erroneous.  The sufficiency of the evidence to establish possession of the land under the color of title read in evidence is the only question presented by the record.

We have given the question involved that consideration which its importance demands, and while there is much force in the argument of counsel for plaintiff in error, yet we are of opinion that under all the facts before the circuit court the judgment was correct.  It will be remembered that the action was brought against the defendant, Rickey, who was alleged in the declaration to be in possession of the land.  The return, under oath, of the person intrusted with the service of the declaration, shows, also, that Rickey was in the actual occu-

pation of the land when service was had upon him. These facts appearing in and upon the plaintiff's pleading, may be regarded as admissions by him, which may be availed of by the defendant. It is true that the name of the original defendant, Rickey, had been dismissed out of the case, and Gouveneur had been substituted as a defendant; but this change in the parties could not affect the question here involved. After the substitution of Gouveneur for Rickey, the action then stood precisely as it would if it had in the first instance been brought against him. He had the same rights and incurred the same liabilities as he would if the action had originally been brought against him.

But in addition to the facts alluded to, there is another admission which is entitled to much weight in the determination of the question. On the trial before the court, after the defendant had established, payment of taxes from the year 1851 to the year 1861, both inclusive, by the production of tax receipts, the bill of exceptions shows that "the plaintiff, at the request of defendant, admitted that the land was vacant and unoccupied until the year 1862." After this admission the plaintiff then read in evidence the return on the declaration, which showed that the defendant, when the action was brought, was in the actual occupation of the land in controversy. Whether this return would have been regarded as legitimate evidence if it had been offered by the defendant, need not now be determined. It was offered and read by the plaintiff without objection from any quarter, and he is estopped from claiming that the testimony is not competent. If, then, the land was vacant, as is conceded, until the year 1862, and the defendant, who held color of title and paid all taxes for a period of seven years while it was vacant, was afterwards, when the action was brought, found in the possession of the land, it will be presumed that he was in possession under the color of title.

It does not appear that the question here raised was one in dispute or controversy before the circuit court. If it had been, doubtless more proof on the subject would have been introduced. Indeed, the defendant admitted, by his plea, that he was in possession of the land when the action was brought. There was, therefore, no necessity for the plaintiff to prove a fact which was admitted by the pleadings, and the defendant doubtless relied upon the pleadings, and implied understanding that he was in possession, and hence called no proof. But however that may be, we think there was evidence enough before the court to sustain the judgment, and it will be affirmed.

*Judgment affirmed.*