JOSEPH P. KUHN, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed February 20, 1913.*

1. LIMITATIONS—*effect of possession and payment of taxes by cestui que trust.* If the legal title to land is actually held in trust for the person who is in possession of the premises, the possession and payment of taxes by the *cestui que trust* is the possession and payment of the trustee under the color of title held by him, even though the deed does not expressly designate him as trustee.

2. SAME—*statute does not require that possession and payment of taxes be by the same person for entire period.* The seven year Statute of Limitations does not require that the possession under claim or color of title shall be continued in the same person nor that the same person shall pay all taxes for that period, and it is sufficient if the taxes are paid under claim and color of title by those having or succeeding to the possession.

3. TAX DEEDS—*when a tax deed may be set aside regardless of its validity or invalidity.* Title acquired under the Statute of Limitations by possession and payment of taxes for seven successive years under claim and color of title, after the execution of a tax deed, is good as against the world, and in a proceeding to have such tax deed set aside as a cloud upon the title it is not necessary to allege or prove the invalidity of the tax deed.

4. SAME—*party not entitled to have tax deed set aside without reimbursing holder thereof.* Where one has acquired title to property by possession and payment of taxes for seven successive years under claim and color of title his possession cannot be disturbed by the holder of an outstanding tax deed, but if he seeks to have such tax deed set aside as a cloud the statute requires him to reimburse the holder of the tax deed for the money properly expended in procuring it.

5. SAME—*when it is error to require holder of tax deed to pay costs.* If the complainant in a bill to remove a tax deed as a cloud upon title makes no tender, before filing the bill, of the amount

legally due the holder of the tax deed by way of reimbursement, it is error, upon setting aside the tax deed, to require the costs to be paid by such holder.

6. SAME—*when objection that the decree does not provide for reimbursement may be urged on appeal.* Where by his report the master finds the amount expended by the holder of a tax deed but makes no recommendation as to whether or not he shall be reimbursed for such expenditures, the holder may make the objection, on appeal, that the decree does not provide for such reimbursement, there being no opportunity to urge the objection in the court below.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

MATHER & HUTSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county quieting the title of the appellee to lot 77 of block 64 in Hinman's subdivision of the east half of the south-east quarter of section 19, township 39, north, range 14, east of the third principal meridian, in the city of Chicago, and setting aside a tax deed of appellant Jacob Glos to the premises.

Appellee, Joseph P. Kuhn, filed his bill alleging title, by virtue of section 6 of the Limitations act, under claim and color of title made in good faith and possession and the payment of taxes for seven successive years. The bill was filed on August 4, 1910, and alleges that appellee has been in actual possession of the premises for sixteen years then last past; that the property was purchased by John P. Kuhn, the father of the appellee, in 1872, who upon his death devised the property to his wife, Anna M. Kuhn, the mother of appellee; that in 1896 said Anna M. Kuhn conveyed the premises by warranty deed to Nicholas Johann, and that said Johann conveyed the same to the appellee in 1898, and that the appellee entered into possession in 1894,

improved the property, and from that time hitherto has occupied the same, together with his family, as his home and has conducted his printing business thereon; that on June 27, 1903, a tax deed was executed and delivered to appellant Jacob Glos conveying said premises, and that appellee has paid all the taxes levied upon the property for the year 1902 and all succeeding years up to and including the taxes levied for the year 1909. The prayer of the bill is that the tax deed of appellant Jacob Glos be set aside as a cloud upon the title of appellee, and that said deed be ordered to be delivered up and canceled and that appellee be declared to be the owner of said premises free and clear of all clouds and liens whatsoever.

The proof corresponded with the allegations of the bill, except it appeared from appellee's proof that the deed from Nicholas Johann to appellee was, in fact, executed and delivered in 1909 instead of 1898, as alleged in the bill. No objection was made on account of this variance in the trial court, nor do the appellants make any complaint by reason thereof in this court. It was further shown that Johann was never the actual owner of the premises but that said Anna M. Kuhn conveyed the same to him to hold in trust for the use of appellee, and that when the deed was executed, in 1909, it was dated back to the year 1898 for the reason that that was the time when, under his agreement with Anna M. Kuhn, he should have conveyed the premises to appellee. The decree of the court is in accordance with the prayer of the bill, and appellants, Jacob Glos and Emma J. Glos, his wife, contend that under the proof appellee has not shown himself possessed of title under the Statute of Limitations and is not entitled to the relief sought, and we are cited to a long line of cases which hold, in effect, that an instrument of writing, to be effectual as color, must purport, on its face, to convey title, and it must apparently transfer title to the holder. There can be no question of the correctness of the rules laid down in the

cases cited by appellants, but they do not support the contention that appellee has not acquired a limitation title under the facts shown.

It is uncontradicted that Johann held this title all the time in trust for appellee, and that during all this time appellee was in possession of the premises and paid all the taxes levied for the year 1902 and subsequent thereto, under this title. Under the holding in *Cofield* v. *Furry,* 19 Ill. 183, and *Lyon* v. *Kain,* 47 id. 200, and approved in *Darst* v. *Marshall,* 20 id. 228, *Chickering* v. *Faile,* 38 id. 342, *Elston* v. *Kennicott,* 46 id. 187, *O'Neal* v. *Boone,* 53 id. 35, *Rawson* v. *Fox,* 65 id. 200, *Hardin* v. *Gouveneur,* 69 id. 140, and *Hurlbut* v. *Bradford,* 109 id. 397, the possession of appellee as *cestui que trust,* and the payment by him of all taxes levied subsequent to the execution of the tax deed to appellant Jacob Glos and until the execution of the deed by Johann, in 1909, operated as the possession of and payment of taxes by Johann under the color of title held by him. These cases hold that the true question is, under what title were the taxes paid?—and deduce the rule that if payment of taxes is made by the *cestui que trust* the effect is the same as if made by the trustee, as the two interests stand together and not in hostility to each other, and united make the estate or legal and equitable title to the land. They further hold that the same result follows whether payment is made by the trustee or *cestui que trust* or by the landlord or the tenant, the question being whether possession was held and the taxes were paid in subserviency to the claim and color of title relied on as a bar.

Upon the conveyance by Johann to appellee, in 1909, appellee succeeded to all the rights of Johann, as the seven years Statute of Limitations does not require that the possession under claim or color of title should be continued in the same person nor that the same person shall pay all the taxes for that period. It is sufficient if the taxes are paid

under claim and color by those having or succeeding to the possession. (*Cofield* v. *Furry, supra.*) Upon the execution of the deed by Johann, in 1909, the appellee then succeeded to the possession in his own right under that deed. From the time appellant Jacob Glos acquired title until the conveyance by Johann, the possession of appellee and the payment of taxes by him were the possession of and the payment of taxes by Johann, the trustee; and this is true even though the deed from Anna M. Kuhn to Johann did not expressly designate him as trustee. It is sufficient that he was, in fact, a trustee holding the mere legal title for the benefit of appellee. *Cofield* v. *Furry, supra.*

The chancellor properly found appellee was possessed of an indefeasible title to the premises by seven successive years' possession and payment of taxes under color of title.

The proof disclosed that appellant Jacob Glos paid the treasurer of Cook county the sum of $38.60 at the annual tax sale held on October 6, 1900, being the amount then due for taxes, and that he afterwards received a tax deed, and that he also paid taxes for the year 1900 on September 23, 1901, amounting to $36.04. The amounts expended by Glos were not tendered to him before the bill was filed herein and the decree did not provide for reimbursement. It is complained that the court erred in not providing that Jacob Glos should be reimbursed, and also in decreeing that appellants should pay the costs of the proceedings. Appellee contends that having established his title under the Statute of Limitations, he was entitled to have the tax deed set aside as a cloud on his title upon the same terms and conditions as he would have been entitled to have any other deed removed as a cloud. Section 224 of the Revenue act provides that any judgment or decree of court setting aside any tax deed procured under the Revenue act, (being the act under which the tax deed in question was procured,) shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, to-

gether with all penalties, as provided by law, as it shall appear the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed, before such claimant shall have the benefits of such judgment or decree. Under this provision of the statute the only condition upon which appellee was entitled to have the tax deed of appellant Jacob Glos set aside was upon reimbursing him for the moneys he had expended in securing the tax deed, and the court is without authority to set the tax deed aside upon any other condition. (*Cotes* v. *Rohrbeck,* 139 Ill. 532; *Jackson* v. *Glos,* 243 id. 280; *Ward* v. *Clendenning,* 245 id. 206; *City of Chicago* v. *Pick,* 251 id. 594.) Appellee takes the position that having secured title by seven years' possession and the payment of taxes under color of title he has a title good as against the world and is under no obligation to reimburse appellant Jacob Glos. In the first proposition he is correct, but he errs as to the latter. He has a title good as against the world, and he is under no obligation whatever to reimburse appellant Jacob Glos unless he sees fit to seek, as he has done, to have this tax deed set aside as a cloud on his title. If he had been content to allow the situation to remain as it was before the filing of his bill he could never have been disturbed by the holder of the tax deed, but the moment he sought to have the tax deed set aside as a cloud on his title the statute imposed upon him the condition of reimbursing the holder of the tax deed. In this respect the title procured under the Statute of Limitations is no different than that of any other title. Being obliged to reimburse the holder of the tax deed before he is entitled to have the same set aside, it was incumbent upon appellee to tender the amount due appellant Jacob Glos prior to filing his bill before he would be entitled to have the costs adjudged against him. Appellee having made no tender to appellant Jacob Glos of the amount due him, the court erred in decreeing that appellants should pay the costs of the proceeding. *Cotes* v.

*Rohrbeck, supra; Gage* v. *Goudy,* 141 Ill. 215; *Bauer* v. *Glos,* 236 id. 450; *Warshawsky* v. *Glos,* 251 id. 377.

Appellee suggests that as appellants did not object before the chancellor to the failure to provide for reimbursement they cannot now for the first time make this objection on appeal. By his report the master found the amount which had been expended by appellant Jacob Glos. No recommendation was made as to whether or not he should be reimbursed, and the decree failed to provide for reimbursement. We are unable to perceive wherein appellant Glos had any opportunity to make this objection or raise this question before the chancellor, and he is entitled to insist upon it here.

Appellants contend that appellee is entitled to have this tax deed set aside as a cloud on his title only in case it is invalid, and that the bill should allege wherein the tax deed is invalid and support such allegations by proof, and that inasmuch as no such allegations were made and no such proof offered, appellee is not entitled to any relief. Under the theory upon which this bill was filed such allegations and proof were not necessary. Appellee is relying upon a title by limitation as against the title of appellant Jacob Glos under his tax deed, and it is immaterial, for the purposes of this bill, whether the tax deed be valid or invalid. If appellee has acquired good title under the Statute of Limitations he is entitled to have the tax deed removed as a cloud on his title.

For the errors indicated the decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree providing that the tax deed shall be set aside upon the reimbursement of Jacob Glos of the amount shown by the report of the master to have been expended by him in procuring the tax deed, together with all legal costs and penalties, and adjudging that appellee shall pay the costs of the suit.

*Reversed and remanded, with directions.*