De Foresta v. Gast.

1. COLOR OF TITLE—LIMITATIONS.
Color of title is that which in appearance is title, but which in reality is no title. While the phrase "color of title" in the limitation act of 1874 means a paper title, it does not mean a perfect paper title; the statute (when its conditions are complied with) is intended as a protection to a person holding in good faith under a mere colorable title.

2. TAX DEED.
Where a tax deed, regularly executed, in form and by apt words, purports to convey the land to the grantee by virtue of the legal authority vested in the grantor (the county treasurer), *held*, that the deed gives color of title, even though a person of legal learning and experience may by a critical examination discover defects in the instrument fatal to its validity.

3. GOOD FAITH—EVIDENCE.
In the absence of proof to the contrary, the fact that a person has acquired, and for a period of eleven years has held, a tax deed to land, and has during said period paid all the taxes on the land, is sufficient evidence of his good faith in the transaction.

*Appeal from the District Court of Pueblo County.*

ACTION for the recovery of real estate (ejectment). Defenses, general denial, and statute of limitations. Trial by the court without a jury; finding and judgment for plaintiff. Defendant appeals.

Messrs. GERRY & RITTENHOUSE, Mr. JOHN T. O'KEEFE and Mr. HORACE PHELPS, for appellant.

Mr. Henry A. Dubbs and Mr. Chas. E. Gast, for appellee.

Mr. Justice Elliott delivered the opinion of the court

On the trial plaintiff showed title in himself to the land in controversy by patent from the United States and sundry mesne conveyances from the patentee.

Defendant then produced a tax deed showing a conveyance of the property in controversy to himself from the treasurer of Pueblo county.   The tax deed shows the sale to have been made on July 5, 1876, for the taxes of 1875 ; the deed was executed November 20, 1879, and was recorded November 29, 1879.

It was admitted that the land in controversy had always been unoccupied and vacant land; also, that defendant had paid all taxes accruing thereon subsequent to the tax deed. As this suit was brought January 20, 1891, it follows that defendant had for eleven years after receiving and recording his tax deed paid all taxes legally assessed upon the land in controversy.   Upon this ground defendant claims the benefit of the following statute of limitations :

" Whenever a person having color of title, either by preemption or otherwise, as aforesaid, made in good faith to vacant and unoccupied land or mining claims, shall pay all taxes legally assessed thereon, or for improvements situate thereon, for five successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied lands or mining claims, to the extent and according to the purport of his or her proper (paper) title or preemption. * * * *Provided, however*, that if any person having a better paper title or preëmption to said vacant and unoccupied lands or mining claims, shall during the said term of five years, pay the taxes assessed on said lands or mining claims, or improvements thereon, for any one or more years of the said term of five years, then, in that case, such taxpayer, his heirs and assigns,. shall not be entitled to the ben-

efit of this section." Session Laws, 1874, p. 178; Gen. Laws (1877), sec. 1695.

In behalf of appellee it is contended that the tax deed is void upon its face. The argument is that the deed shows a sale and conveyance of several distinct parcels of land *en masse*, whereas the statute in force at that time required a separate sale and conveyance for each lot or parcel of land sold at tax sale. Various sections of the revenue laws as published in General Laws, 1877, are relied on to support this view.

The tax deed in this case may have been irregular under the statute in force at the date of its execution; it may have been voidable, so that a suit for its cancellation, or for the recovery of the land, might have been maintained, if the same had been commenced by the owner of the original title within five years from the recording of the deed. See *Morris v. St. Louis Nat. Bank*, 17 Colo. 231, where the action was commenced within five years after the recording of the tax deed. But it is unnecessary to determine whether the deed in this case is or is not void upon its face. By its general form and recitals it purports to show a sale and conveyance in substantial conformity with the revenue laws of the state, and its execution appears to be entirely regular.

In *Waddingham v. Dickson*, 17 Colo. 223, a tax deed in some respects like the one now under consideration was held to be *prima facie* evidence of title, Chief Justice Hayt remarking in his opinion : " There is nothing in our statute which requires separate deeds for each piece of property sold, where the purchaser of the several tracts is the same person."

1. There has been much controversy and not a little conflict in judicial decisions as to the meaning of the phrase " color of title." In the statute now under consideration, we have held that the phrase means a paper title. *Knight v. Lawrence*, 19 Colo. 425. But certainly it does not mean a perfect paper title; a perfect title needs no extraneous support. The statute (when its conditions are complied with) is intended as a protection to a person holding in good faith

under a mere colorable title—that is, under a title which is really no title. In *Wright v. Mattison*, 18 How. (U. S.) 56, Mr. Justice Daniel speaks of color of title as "that which in appearance is title, but which in reality is no title." This language was used in discussing a limitation statute from which the one now under consideration was borrowed.

2. There is high authority for the proposition that "a void deed taken in good faith is a sufficient color of title." *Beaver v. Taylor*, 1 Wall. 641.

In *Hall v. Law*, 102 U. S. 466, Mr. Justice Field says : "Whenever an instrument, by apt words of transfer from grantor to grantee,—whether such grantor act under the authority of judicial proceedings or otherwise,—in form passes what purports to be the title, it gives color of title." See, also, *Thomas v. Stickle*, 32 Ia. 71 ; *Newland v. Marsh*, 19 Ill. 376 ; *Veal v. Robinson*, 70 Ga. 809 ; *Dean v. Earley*, 15 Wis. 100.

Applying the rule thus announced, the deed under consideration gives color of title. It is admitted that the grantor was the county treasurer, and the deed by its recitals shows proceedings "in substantial conformity with the requisitions of the statute in such case made and provided ;" moreover, the deed *in form* and by apt words purports to convey the land to the grantee by virtue of legal authority vested in the grantor (the county treasurer). The deed, therefore, must be held to give color of title, even though a person of legal learning and experience may by a critical examination discover defects in the instrument fatal to its validity as a muniment of title.

3. It is insisted upon the authority of *Gomer v. Chaffee*, 6 Colo. 314, that the tax deed now under consideration is void, and, therefore, insufficient to give color of title. The *Gomer-Chaffee Case*, though it has some bearing upon the question at bar, is not in point. The facts were different, the deed was different, and a different statute of limitation was invoked. Neither color of title nor payment of taxes was involved in the *Gomer Case*, and, in our opinion, the rule

therein announced should not be extended to a case of this kind. In this case, defendant having color of title to the land by virtue of his tax deed, and having paid all taxes on the land for more than twice the period prescribed by the statute, is entitled to its protection, *provided* he has acted in good faith in the transaction; and certainly, in the absence of proof to the contrary, the fact that he so held the deed and paid the taxes for so long a period is sufficient evidence of his good faith. See on this point *Knight v. Lawrence, supra;* also *Wren v. Parker,* 57 Conn. 529.

The judgment in this case upon the pleadings, evidence, and admissions should have been in favor of defendant. The judgment of the district court is accordingly reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*

### ON PETITION FOR REHEARING.

Counsel for appellee place much reliance on certain Kansas decisions announcing the doctrine that the statute of limitations will not run in favor of a tax deed void upon its face. *Shoat v. Walker,* 6 Kan. 65; *Sapp v. Morrill,* 8 Kan. 677; *Hall's Heirs v. Dodge,* 18 Kan. 277. The decisions are based upon a statute that reads as follows:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed, as provided by law, shall be commenced within two years from the time of recording the tax deed of sale, and not thereafter." Gen. Stats., Kansas (Revision of 1868), p. 1057, sec. 116.

The Kansas statute is quite different from the one under consideration in this case. It does not involve either *color of title* or *payment of taxes,* as was said of the *Gomer-Chaffee Case* in our former opinion. The *Sapp-Morrill Case,* above cited, contains these suggestive words: "A tax deed void

upon its face will not *of itself and alone* cause the statute of limitations to run in its favor." The period of limitation under the Kansas statute is very short—two years; and the lapse of time alone is made a bar, except where the taxes have been paid or the land redeemed. It is not surprising that a statute prescribing such a short period should have received a strict construction. The Kansas statute is also unlike ours in that it does not expressly apply to vacant and unoccupied lands. In the absence of express legislation regarding possession or occupancy, the question of possession is important, and often controlling, in construing and applying acts of limitation.

Upon further consideration, we are satisfied that the tax deed in this case is sufficient to give color of title. As the record shows that defendant had such title in good faith for the full statutory period, and that during such period he paid all taxes legally assessed thereon, he should have been adjudged the legal owner thereof. There is no just or equitable ground of objection to this conclusion. If defendant had the better paper title, he could have deprived plaintiff of the benefit of the limitation act relied on by paying the taxes assessed on the premises for one or more years of the prescribed term. See proviso of the section quoted in foregoing opinion; also *Morris et al. v. St. Louis Nat. Bank*, 17 Colo. 240.

The petition for rehearing is denied.

*Rehearing denied.*