[No. 5999.]

## McClung et al. v. Graham.

**Statute of Limitations—Deed of Trust**—The statute of limitations does not bar the exercise of the power of sale contained in a deed of trust given as security for a debt.

*Appeal from Prowers District Court* — Hon. Henry Hunter, Judge.

Mr. Alfred Todd, for appellant.

Mr. C. C. Gooddell and Mr. Granby Hillyer, for appellee.

Mr. Justice Musser delivered the opinion of the court:

The appellee brought this action in the district court of Prowers County, in May, 1906, to quiet his title to certain water rights. The complaint contained the allegations usual in such actions. In their answer, after certain denials and admissions, the appellants, who were defendants, set forth their interest and claim in the same water rights, alleging in substance that on February 6, 1895, the then owner of the water rights executed a deed of trust thereon to the public trustee of Prowers County, to secure the payment of a note of the same date, payable to the appellants McClung and Riley; that the trust deed was recorded, and the plaintiff acquired his interest after the recording thereof; that no part of the note or interest was paid; that, on the second day of April, 1906, the said appellants requested the appellant, Adkins, who was the public trustee, to sell the water rights under the power contained in the deed of trust, for the purpose of paying the note and interest, which he duly proceeded to do, and on the twenty-first day of May, 1906, the water rights were duly sold by the public trustee to the

appellant, McClung, to whom a certificate of purchase was issued as required by law, and praying that McClung be adjudged to have a lien upon or right in the water rights as provided by law in such cases. To this answer, appellee filed a demurrer, containing, first, a general ground that the answer did not state facts sufficient to constitute a defense, for which ground no merit is claimed, and, second, a special ground setting up a plea of the statute of limitations, alleging that, as appears on the face of the complaint, the right to foreclose the deed of trust had accrued more than six years prior and was barred.

The lower court sustained the demurrer, and appellants electing to stand on their answer, judgment was rendered against them, adjudging the ownership in the appellee, free from any claim of appellants. From that judgment, this appeal is prosecuted.

This court, since the rendition of the judgment appealed from, in an action wherein the pleadings were the same as in the one at bar, has determined that the right to exercise a power of sale in a trust deed given as security for a debt, is not barred by any statute of limitation of this state, and that a like demurrer should have been overruled.—*Foot v. Burr,* 41 Colo. 192.

It follows, therefore, that this demurrer should have been overruled.

The judgment will be reversed, and this cause remanded, with instructions to the court below to set aside its judgment, overrule the demurrer, and let the action proceed according to law.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.