[No. 6816.]

## WALTERS V. WEBSTER.

1. DEED OF TRUST—*Appointment of Substitute Trustee,* must follow the terms of the deed of trust. Where a deed of trust of lands provides that in certain cases specified a substitute trustee may be appointed, one who, assuming to act as such substitute executes a conveyance of the land under the powers of the deed of trust, must recite an appointment conforming to the provisions of the deed of trust. Otherwise his conveyance is not even *prima facie* evidence of title, unless the appointment is established by evidence *aliunde* the deed—(551).

2. ——*Limitation*—That an action at law upon the indebtedness secured by deed of trust is barred by limitation is no bar to the execution of a power of sale contained in the deed—(552).

3. QUIETING TITLE—*Plaintiff's Title,* must be established, even though defendant shows no title—(552).

4. PLEADINGS—*Amendment*—Where an original answer has not been attacked defendant is not at liberty to file an amended answer without leave of court—(552).

5. ——*Statute of Limitations,* is a strict defense, and should be pleaded in apt time. Ordinarily this defense will not be admitted by amendment. What constitutes apt time depends upon the circumstances of the case. The case made by defendant, *Held,* sufficient to entitle him to interpose the defense by amendment—(552, 553).

6. ——*Color of Title*—A void deed may be color of title—(553).

*Appeal from Kit Carson District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. GEORGE W. TAYLOR, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Summons was served on the defendant December 3, 1906. Defendant's application for leave to file an amended answer setting up the statute of limitations was supported by the affidavit of his attorney, setting forth that he was retained in the cause on the 21st day of that

same month; that he was then sick and confined to his house, and so continued until about the middle of the next month; that he was unable to consult with the defendant and had no opportunity to make any investigation of the cause except to read the complaint; that by reason of his illness he was unable to obtain from his client, the means of knowledge, and acting on the limited means of information at his command, filed the original answer on the 22nd day of December; that about the 16th of January he first had an opportunity to examine the abstract of title, and the deeds of defendant's title, and then for the first time learned that the claim of title of the plaintiff had long been barred by the statute of limitations; that the application was not made for delay and that the amendment of the answer proposed was necessary, and in furtherance of justice, and would in no way delay the trial.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, plaintiff below, brought suit against appellant, as defendant, to quiet title to a tract of land in Kit Carson County. The defendant filed an answer denying that plaintiff was the owner of the property in controversy, and alleged that he, the defendant, was the owner of the premises in fee. To this answer a replication was filed. The judgment was in favor of plaintiff, and defendant has brought the case here for review on error.

Plaintiff deraigned title by foreclosure of a trust deed executed by the grantee in the patent issued by the government. Foreclosure proceedings and the trustee's deed were by a substituted trustee. The deed of trust provided that in the event the trustee named was incapacitated from or refused to act, then the legal holder of the

note secured by the deed of trust should have the option of substituting a trustee by writing, duly acknowledged, whose acts and doings should be as effectual and binding as if done by the original trustee. The trust deed also provided that the recitals in the deed executed by the trustee should be *prima facie* evidence of the facts thereby stated. Two objections were urged against the introduction of the trust deed: (1) That it did not appear the party assuming to act as substituted trustee had been appointed in accordance with the terms and conditions of the trust deed; and (2) that the indebtedness secured by the trustee's deed was barred by the statute of limitations at the time of the foreclosure of the deed of trust.

The first objection was well taken, and should have been sustained. The deed of trust expressly provides that a substituted trustee can only be appointed by the holder of the note by writing, duly acknowledged. There is no statement in the trustee's deed that the party who acted as substituted trustee was appointed in this manner. The powers of a trustee depend upon the terms of the instrument appointing him, or providing for his appointment. If the manner of his appointment is specified, it must be followed, and no power is conferred upon him to act unless it is.—*Bent Otero Imp. Co. v. Whitehead,* 25 Colo. 354; *Polle v. Rouse,* 73 Miss. 713; *Bonner v. Lessley,* 61 Miss. 392; 2 Perry on Trusts, section 602p.

In the absence of a recitation in the trustee's deed, executed by the substituted trustee, to the effect that he had been appointed in the manner the deed of trust provided, the trust deed was not *prima facie* evidence of title in plaintiff. In order to make it competent evidence of title, it was necessary for him to prove by evidence *aliunde* that the appointment was in accordance with the terms of the trust deed. He offered no evidence of this

character. As his title depended entirely upon the trustee's deed, and it had been put in issue by the answer, it is clear that a judgment quieting title in him should not have been rendered, even though the defendant failed to establish title in himself.—*Clark v. Huff,* 49 Colo. 197.

The second objection was properly overruled. Even if the indebtedness secured by the deed of trust was barred by the statute of limitations, so that an action in a court of law could not be maintained thereon, this would not prevent a foreclosure of the deed of trust containing a power of sale. In other words, the statute of limitations does not bar the exercise of the power of sale, contained in a deed of trust given as security for a debt.—*Brereton v. Benedict,* 41 Colo. 16; *McClung v. Graham,* 45 Colo. 268; *Foot v. Burr,* 41 Colo. 192.

As the case must be reversed and remanded for a new trial, we will determine such other questions as the record presents which will be involved at a re-trial.

Some time after the original answer was filed, the defendant, without leave of court, filed an amended answer, in which he set up the statute of limitations. On motion of plaintiff this answer was stricken from the files. The original answer had not been attacked, and without leave of court, the defendant had no right to file an amended answer. *Wood v. Chapman,* 24 Colo. 134. Later, the defendant applied for leave to re-file this answer, which was allowed, with the pleas of the statute of limitations stricken out. The bar of the statute of limitations is a personal privilege, to be relied upon, or not, as a defendant may choose, and being a strict defense, should be interposed in apt time. If not, it will be deemed waived, and ordinarily, will not be allowed to be filed as an amendment after the issues have been made. However, what constitutes apt time, or whether the plea has been

.waived, depends upon the showing made by the defend-
ant seeking to interpose the defense by way of an amend-
ment to his answer. We think, in the case at bar, the
.showing was such that the defendant should have been
permitted to file the amended answer tendered.

· Defendant's· title was based upon a tax deed. The
plea of the statute of limitations which he sought to inter-
pose related to this deed. On behalf of plaintiff it is urged
that this deed is void on its face. It was issued and re-
corded more than seven years before plaintiff commenced
·his action. From this state of facts, it would constitute
color of title under a proper plea of the statute of limita-
tions and proof of the necessary facts.—*Williams v.· Con-
roy,* 35 Colo. 117.; *DeForesta v. Gast,* 20 Colo. 307.

The judgment of the district court is reversed and
the cause remanded for further proceedings in harmony
with the views expressed in this opinion.

*Reversed and Remanded.*

Mr. Justice Musser and Mr. Justice Hill, concur.

Decided April 1, A. D. 1912.   Rehearing denied
June 3, A. D. 1912.