[No. 7611.]

## Silford et al. v. Stratton.

1. Tax Title—*Void Deed*—A treasurer's deed appearing upon its face to be based on a sale to the county, and an assignment of the certificate by the county clerk more than three years after its issuance, is void.

2. Limitations—*Color of Title*—*Good Faith*—A deed void upon its face is sufficient color of title to set in motion the seven-year limitation act (Rev. Stat., sec. 4087). But it is not conclusive of the good faith of the party claiming thereunder. Affirmative evidence may be produced that the party claiming under such a conveyance, and asserting the defense of the statute, was conscious of the infirmity of his title, and while making payment of taxes, sought, by shifting the title through conveyances not recorded, to prevent the paramount owner from effectually assailing it. One so conducting himself will be denied the benefit of the statute.

*Appeal from Washington District Court.*—Hon. H. P. Burke, Judge.

Messrs. Allen & Webster, for appellants.

Mr. John F. Mail, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

Complaint, in the usual form, was filed March 22, 1909, to quiet title to the land in controversy. The answer denies the allegations of the complaint, except wherein it alleges that defendant claims an interest in the land; it then sets up title in fee from the United States, by mensè conveyances, in defendant; also title through a decree of the district court of Washington county, rendered and entered April 11, 1908, in favor of defendant, and against one E. P. Dalander, through whom plaintiffs claim title. In the complaint in that suit it is alleged, among other things, that no person other than E. P. Dalander claimed any interest in the land in dispute, of record or otherwise; at the time the suit, in which that decree was rendered, was commenced, October 31, 1907. By replication all new matter in the answer is denied. For a fur-

ther reply, plaintiffs set up title in themselves, through a tax deed executed and recorded on the 27th day of January, 1901, from the county treasurer of Washington county, conveying to the remote grantors of plaintiffs the land described in the complaint; that such deed purported to convey these lands in fee simple, and was color of title made in good faith; that thereafter, under such color of title, the land being meanwhile vacant and unoccupied for more than seven successive years prior to the commencement of this action, plaintiffs and their grantors paid all taxes assessed thereon, and plaintiffs are therefore, under the statute, the legal owners thereof, according to the extent and purport of their paper title, for which reason the claim of title by the defendant is barred by the statute of limitations, section 4090, Revised Statutes of Colorado, 1908. The decree and judgment was for the defendant, that he is the owner in fee and entitled to the possession of the premises; that the treasurer's tax deed in question, and all conveyances thereunder, be canceled and set aside, and the cloud thereby created removed; and that defendant refund to the plaintiffs all taxes, paid by them and their predecessors, on the land, with interest and penalties. Plaintiffs bring the case here for review on appeal.

The sole question is, whether the claim of plaintiffs, under color of title, was made in good faith. The tax deed offered in evidence is void on its face, because it shows that it is based upon a certificate of sale of the property to the county which was assigned by the county clerk of Washington county more than three years after its issuance; so that this deed may only be counted upon as color of title. Plaintiffs rely upon title through it, and the payment of taxes for more than seven successive years, to defeat the claim of defendant. The proof, in addition to the tax deed, and mesne conveyances which purport to vest title in plaintiffs, shows that the taxes assessed upon this land for the years 1900 to 1908, inclusive, were paid by the plaintiffs and their grantors and predecessors in interest. If the claim of title was made

in good faith, then it appears that the statute has in fact run, and that the title of the defendant is barred.

The record shows that the tax deed was issued to Frederick H. Davis and Charles T. Kountze on January 26, 1901, and passed to record on that day in the office of the county clerk.   On July 20, 1906, Davis and Kountze conveyed to E. P. Dalander, which deed was duly recorded.   On February 16, 1907, E. P. Dalander conveyed to S. A. Dalander, but this deed was not recorded until January 1, 1908.   Notice of *lis pendens* in the suit of *Stratton v. Dalander,* begun October 31, 1907, was filed December 18th next thereafter.   S. A. Dalander conveyed to Ida C. Silford, December 21, 1907, deed not recorded until June 15, 1908.   March 19, 1908, E. P. Dalander filed a disclaimer in the Stratton suit.   On April 11, 1908, decree was entered in that suit in favor of Stratton, quieting title in him.   On June 13, 1908, Ida C. Silford conveyed to Charles A. Silford, one of the plaintiffs herein, which deed was recorded June 15, 1908, on the same day that the deed from S. A. Dalander to Mrs. Silford was recorded.   On February 4, 1909, Charles A. Silford conveyed an undivided one-half interest in the premises to August Muntzing, which deed was recorded on the same day.

The testimony shows that Muntzing, one of the plaintiffs, was a member of the law firm of Muntzing & More, at Akron, Colorado, which had charge of the litigation between Stratton and Dalander, and that the correspondence of that firm concerning the same was mainly had with the other plaintiff, Charles A. Silford, residing in Iowa.   The testimony of Silford shows that he is a brother-in-law of E. P. Dalander; that he was entirely familiar with the purchase by the latter of this property from Davis & Kountze; that he knew of the conveyance of E. P. Dalander to S. A. Dalander, in February, 1907, and of the pendency of the suit between Stratton and Dalander, to quiet title in the former to the land in question, but does not think this knowledge came to him before January 1, 1908; that he knew of the filing of the dis-

claimer by E. P. Dalander on March 18, 1908, and knew that Muntzing & More were Dalander's attorneys; that he had had correspondence with them relative to the defense of suits involving several pieces of land in Washington county; that he knew when they filed the disclaimer for E. P. Dalander that the title had been conveyed to S. A. Dalander; that Ida C. Silford, to whom S. A. Dalander conveyed on December 21, 1907, ten days before the latter's deed was recorded, is his wife, and he knew of the conveyance to her; his wife conveyed to him on the 13th of June, 1908, and he afterward conveyed an undivided one-half interest to August Muntzing, the other plaintiff in the suit. In short, it satisfactorily appears from Silford's testimony, although he was an unwilling witness, called by the defense, that he had intimate knowledge of the entire transaction and was fully apprised of all the facts connected with it. The suit by Stratton to quiet title against E. P. Dalander was instituted before a single deed included in the chain of title under which plaintiffs now claim was seven years old. This suit had been begun in apt time, against the only person then of record as owner of the land, to have the tax deed declared void, of which fact Silford was well aware. Muntzing was attorney for Dalander, and must have been equally well advised. The tax deed through which plaintiffs claim was void on its face. No title could come from it except through the statute of limitation, upon proof that everything needful to be done to make it applicable had been done. Therefore it would not do to permit the owner of the patent title to reach the holder of the tax title in a suit to cancel the same before the statute had fully run, otherwise this worthless claim would be completely overthrown. It must be apparent to the most casual observer that it was to avoid that inevitable result that the title to this land was juggled among members of the family, deeds withheld from the record and the actual holder of the tax title kept undisclosed for the express purpose of allowing the limitation statute to run before the holder of the tax deed could be reached by

legal process. A careful inspection of the record shows any other conclusion untenable. Under such circumstances it is impossible to say that the claim of plaintiffs under color of title is made in good faith. On the contrary, it clearly appears from the facts in the case that the element of good faith was entirely lacking, and that plaintiffs knew that the title relied on was in fact no title.

Under the statute of limitations relied upon, in addition to the fact that the land must have been vacant and taxes paid for seven successive years, three things are essential: there must be color of title; the party must claim under it; that claim must be made in good faith. If any one of these elements be lacking the title will be defeated.

While this court has held that a deed void on its face is sufficient color to set the seven-year statute of limitation in motion, it has never held that such a deed coupled with the payment of taxes, is conclusive of good faith. So that it was competent for the defendant in this case, as was done, to introduce affirmative proof to establish the fact that the plaintiffs did not act in good faith in the transaction. It was within the power of Silford to have the question of the validity of the tax title determined once for all, by having the holder of it appear in the Stratton suit. He not only did not do this, but instead, by affirmative action, put it beyond the power of Stratton to locate that title, and so reach and bring into court the actual holder thereof. His conduct in this particular furnishes additional proof of lack of good faith. It being clear that the element of good faith is absent, the plaintiffs ought not to be permitted to successfully rely upon the statute of limitation.

That good faith is essential, where in asserting a claim under color of title the statute of limitation is relied on, is settled by a number of authorities in our own state. In *Lebanon Mining Company v. Rogers*, 8 Colo. 34, discussing the matter of good faith, in connection with claim and color

of title, under a plea of the statute of limitation, which at that time was five years instead of seven, as now, the court said:

"We come now to the second question presented in this case, viz.: appellant's affirmative defense, the statute of limitations. Under the act referred to (see General Statutes, sec. 2186 *et seq.*), the possession must have been for five years with 'claim and color of title in good faith.'

It is extremely doubtful, particularly in view of section 2189 being section 4 thereof, if this act was intended to apply in cases where the disputed territory is patented ground; but we are not obliged to pass upon that question. The possession is averred in the answer to have continued for about five and a half years prior to this suit. In view of what has already been said, it appears that such possession could not have been for five years under claim of title in good faith, for the *Wolfley* case was decided some time previous to the expiration of that period. Moreover, the matter of good faith is expressly made material by the statute. It was appellant's duty to prove not only his claim and color of title, but also the *bona fides* thereof; this it made no effort or offer to show. We do not think the court erred upon this branch of the case."

In that case the appellant was claiming through a patent which had been theretofore declared not to include the ground in controversy. The court held, in substance and effect, that inasmuch as the patent had been held not to cover the disputed premises, no presumption of good faith obtained in favor of one claiming under it, with full knowledge of the previous holding, but that good faith must be established by other proof.

And again in *Arnold v. Woodward,* 14 Colo. 164, beginning at the bottom of page 168, it was said:

"The claim of a bar by the statute of limitations (Gen. Stat., sec. 2186), is not well taken. Arnold's entry in the land-office had been set aside or disregarded, and the patent from the United States had issued to Woodward. Such is-

suance of the patent necessarily indicates that all steps required in connection therewith were duly taken. During a large part of the period covered by Arnold's alleged adverse holding, these facts existed and were known to him. Under the circumstances, there was not such a 'claim and color of title made in good faith' as laid the foundation for an application of the statute."

In the case of *Warren v. Adams,* 19 Colo. 515, on pages 525 and 526, the court said:

"Nor can the appellants avail themselves of the provisions of section 2187 of the General Statutes, by reason of the payment of these taxes. The 'color of title' therein referred to must arise out of some conveyance purporting to vest in the grantee an interest in his own right adverse to the true owner, and not from one that constitutes him a trustee of the title for the use and benefit of such owner. And, furthermore, such claim or color of title must be made in good faith."

And again in *De Foresta v. Gast,* 20 Colo. 307, at page 311, the court said:

"In this case, defendant having color of title to the land by virtue of his tax deed, and having paid all taxes on the land for more than twice the period prescribed by the statute, is entitled to its protection, *provided* he has acted in good faith in the transaction."

In the case of *Hardin v. Gouveneur,* 69 Ill. 140, the supreme court of Illinois used this language:

"In a number of cases it has been inaccurately said, that a deed purporting to convey title is claim and color of title, made in good faith. Such a deed is undoubtedly color of title, having been received by the grantee, and acted under as though it conveyed title; such action implies claim of title. But color and claim may be made in good faith or in bad faith. The good or bad faith is not a result of color of claim. The faith, whether good or bad, depends upon the purpose with which the deed is obtained, and the reliance placed upon

the claim and the color. A party receiving color of title, knowing it to be worthless, or in fraud of the owner's rights, although he holds the color and asserts the claim, can not render it availing, because of the want of good faith."

The foregoing statement fits the facts in the case at bar and supports the conclusion here reached. The court below, having determined the controversy in accordance with the views herein expressed, the judgment must be affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.