[No. 3765.]

SEDGWICK v. CULP ET AL.

Judgment reversed on the authority of the judgment in *Jackson v. Larson, ante* 548.

*Appeal from Weld District Court.* HON. NEIL F. GRAHAM, Judge.

Messrs. DELPH E. CARPENTER, HERBERT M. BAKER and R. E. WINBOURN, for appellant.

Mr. JOHN T. JACOBS, for Appellee Jackson.

BELL, J.

This action was brought by John Sedgwick, as plaintiff, against Jerome F. Culp and James B. Jackson, defendants, for the purpose of quieting the title in said Sedgwick to one-half of section 19, twp. 11, N. of R. 61 W. of 6 p. m., in Weld county, Colorado.

At the trial plaintiff offered in evidence, as color of title, a treasurer's tax deed to the land in question without showing that notice of the intention of said Sedgwick to apply for a treasurer's deed had been given as required by law, or that the assessed value of the property was such as to make the giving of notice unnecessary. The tax deed was admitted to be void upon its face. The deed offered was excluded by the court, and, thereupon, the plaintiff was denied the benefit of his plea of the statute of limitation based upon his possession and payment of taxes for seven successive years under claim and color of title made in good faith.

At this term of court, in the case of *James B. Jackson v. Eric Larson et al.*, No. 3789, the identical treasurer's deed here involved was under consideration, and was held to be admissible in evidence as color of title, and the decision in that case on that point is decisive of this case also, and for the reasons here given we hold that the court erred in excluding said deed as evidence of color of title, and the judgment must be reversed.

*Reversed and Remanded.*

CUNNINGHAM, P. J., dissenting.

KING, J., specially concurring.

———

CUNNINGHAM, Presiding Judge, dissenting:

I have expressed my views concerning the conclusions reached in this case in my specially concurring opinion in *Jackson v. Larson,* No. 3789.

———

*Specially concurring opinion by* KING, J.:

For the reason that the opinion of the court reversing the judgment herein is a memorandum opinion, based upon the finding of the majority of the court upon one point considered and determined in *Jackson v. Larson et al.* (No. 3789), handed down at this term of the court, and wherein the presiding judge submitted a specially concurring opinion, which, in fact, is a dissenting opinion as to the only question in issue in this case; and because in that case the conclusion reached affirming the judgment of the trial court is right under all the authorities, without reference to the question that is decisive of the instant case; and, further, because, in my judgment, the views announced by the presiding judge in his dissenting opinion as to the question here necessary to decide are at variance with the decisions of our own supreme court,

and, if accepted, so fraught with danger to established property rights, I feel justified in presenting this supplemental opinion.

August 2, 1909, the plaintiff Sedgwick, in possession of the premises, brought a suit against Culp in usual form to quiet title. Culp made no defense, but long after suit was begun, defendant Jackson took his title to the premises by quitclaim deed, and with it his lawsuit. On December 16, 1909, Jackson made his appearance, and in March, 1910, his answer, claiming title under his quitclaim deed from Culp, the patentee. The plaintiff, for his title, relied upon a treasurer's tax deed issued to him, duly recorded, and under which he alleges that he went into actual possession under claim and color of title made in good faith, and that thereafter during more than seven years prior to the beginning of suit he remained in possession and paid all taxes assessed against said land under claim and color of title made in good faith. Defendant alleged that the tax deed was void on its face and for reasons *aliunde,* particularly that the land was assessed at a valuation in excess of five hundred dollars during the years for the taxes of which the land was sold, and that, notwithstanding such assessed valuation, Sedgwick, the purchaser and assignee of the certificates of purchase, failed to give the statutory notice of his intention to apply for a treasurer's deed prior to its execution and delivery. This latter allegation was put in issue by the pleadings, and there was no evidence offered by the plaintiff of the giving of said notice, nor proof by the defendant that such notice was not given. Upon trial, the plaintiff offered the treasurer's deed in evidence as color of title only, it being admitted that it was void on its face. Upon defendant's objection, the deed was excluded. The deed offered describes the land by legal subdivisions; recites the sale of the land to the county for delinquent taxes, the assignment of the certificates of purchase by

the county to Sedgwick, the payment of all subsequent taxes, giving the amount thereof, and by apt words in statutory form purports to convey the title to Sedgwick. The plaintiff offered to prove that at the time he accepted the deed he made inquiry of the county treasurer, and was told that the deed was a valid deed; that he entered into possession of the land in good faith, believing that his deed was valid, and paid the taxes assessed against the land for seven full years after the first payment of taxes, and had ever since been in possession; that all of said acts had been done by him under claim and color of title made in good faith; that during said time no other person had paid any taxes on the land or made any demands against the plaintiff for possession or claimed any right, title or interest therein, and that at all such times he was ignorant of the law requiring notice. Upon objection, the court refused to admit the proof offered.

The questions involved, and the only questions, are (1) whether the tax deed offered constituted color of title in plaintiff, and as such was admissible in evidence; and (2) whether such deed, together with the evidence offered by the plaintiff, constituted *prima facie* claim and color of title made in good faith.

It is asserted by the appellees, and by the presiding judge in his dissenting opinion in *Jackson v. Larson, supra,* that because the plaintiff herein (the deed being the same) failed to prove that he gave the statutory notice of his intention to apply for the treasurer's deed, the said deed was inadmissible as proof of anything, even color of title, but more particularly as proof of claim of title made in good faith; and it is also asserted that, assuming, as we may for the purposes of this discussion, that notice was not given, that fact alone is not only presumptive evidence of a sinister purpose in taking a tax deed, and overcomes the other legal presumptions (1) that all men are presumed to act in good faith, until the

contrary is shown, and (2) that the deed itself purports good faith, unless facts and circumstances attending its execution show that the party accepting it had no faith or confidence in it; but furthermore bars and precludes the claimant under such deed from offering any evidence which will show his good faith and explain his reasons for failing to give the statutory notice. In other words, that fact alone is conclusive proof of bad faith.

That a void deed, whether void upon its face or shown to be such by evidence *aliunde,* does constitute color of title sufficient to set in motion the seven-year statute of limitation, and is of itself evidence of "claim and color of title made in good faith," is announced by a continuous line of decisions of our supreme court, beginning with *Lebanon Mining Co. v. Rogers,* 8 Colo., 34, 5 Pac., 661, in an opinion written by Mr. Justice Helm in 1884, approved and amplified by Mr. Justice Elliott in *Knight v. Lawrence,* 19 Colo., 425, 36 Pac., 242, and *De Foresta v. Gast,* 20 Colo., 307, 38 Pac., 244; by Mr. Chief Justice Hayt in *Bennet v. N. C. L. & I. Co.,* 23 Colo., 470, 48 Pac., 812; by the court of appeals in *Brinker v. U. P., D. & G. Ry. Co.,* 11 Colo. App., 166, 55 Pac., 207; by Mr. Justice Gabbert in *Walters v. Webster,* 52 Colo., 549, 553, 123 Pac., 952, and by Mr. Justice Bailey in *Silford v. Stratton,* 54 Colo., 248, 130 Pac., 327, that opinion having been delivered in January, 1913. In *Lebanon Mining Co. v. Rogers, supra,* quoting from and adopting the views announced in *Wright v. Mattison,* 18 How. (U. S.), 56, after saying that the courts have concurred without exception in defining color of title to be that which has the appearance of title, but which in reality is not such, it is said:

" 'They have equally concurred in attaching no exclusive peculiar character or importance to the *ground of invalidity* of an apparent or colorable title; the inquiry with them has been whether there was an apparent

or colorable title under which an entry or a claim has been made in good faith.' "   [Italics are mine.]

In *Knight v. Lawrence, supra*, at page 432, the court says:

"In our opinion the phrase 'color of title,' " (as applied to the statute of limitations) "refers to a *paper writing* purporting to convey title or to some writing whereby title is sought to be acquired," and further, "Possession and payment of taxes must, of course, be affirmatively shown by evidence in the first instance; and so also the acquisition of the paper title. But when such evidence does not disclose bad faith on the part of the party claiming under the statute, it would seem to be a work of supererogation to offer further evidence of good faith, unless in rebuttal of facts and circumstances shown by the opposite party. As has been said by the supreme court of Illinois, construing this statute: 'The law presumes that all men act in good faith, until there is some evidence to the contrary.' And again: 'Color of title *made in good faith* is shown by any deed or instrument which purports on its face to convey title which a party is willing to and does pay his money for, apart from any fraud. *The deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting it had no faith or confidence in it.*' We see no reason to doubt the wisdom of the Illinois decisions." [Italics are mine.]

In *DeForesta v. Gast, supra,* the court said:

"The statute is intended as a protection to a person holding in good faith under a mere colorable title—that is, under a title which is really no title," and quotes with approval the words of Mr. Justice Field in *Hall v. Law,* 102 U. S., 466, to-wit:

" 'Whenever an instrument by *apt words of transfer* from grantor to grantee—whether such grantor acted

under the authority of judicial proceedings or otherwise
—*in form* passes what purports to be the title, it gives
color of title.' "

And again, and as applied to a tax deed:

"Moreover, the deed *in form* and by apt words pur-
ports to convey the land to the grantee by virtue of legal
authority vested in the grantor (the county treasurer).
The deed, therefore, must be held to give color of title,
even though a person of legal learning and experience
may by a critical examination discover defects in the in-
strument fatal to its validity as a muniment of title."

In *Bennet v. N. C. S. L. & I. Co., supra,* the court,
having under consideration the same statute of limitation
as applied to a tax deed void on its face, said:

"Under the decision in *Crisman v. Johnson, ante,*
p. 264, such a tax deed is certainly void, but it does not
follow that it is not sufficient to start the statute running.
The phrase 'color of title' in the statute was before this
court for consideration in the case of *DeForesta v. Gast,*
20 Colo., 307, and that case may be cited as authority for
the proposition that a 'void deed, taken in good faith, may
give sufficient color of title.'

"Applying the rule announced in that case to the
case at bar, and it is apparent that the tax deed gives
color of title. It is executed by the proper officer; gives
a correct description of the property conveyed; alleges
that the same was subject to taxation for the year 1877;
that the taxes were assessed and remained due and un-
paid at the date of the sale; that the sale was held by vir-
tue of the authority vested by law in the treasurer. It
states that Joseph Sharratt bid $121.55 for the property,
this being the whole amount of taxes, interest and costs
then due and remaining unpaid; that said sum was paid
to the treasurer and the property was stricken off to
Sharratt at that price. It recites, also, that three years
had elapsed between the sale and the execution of the

deed, and the payment of all taxes by Sharratt accruing during this period. That such a deed furnishes sufficient color of title is well established by the great weight of authority.''

In the case of *Brinker v. D. P., D. & G. Ry. Co., supra,* the court, by Bissell, J., said:

''It is insisted, and of course we must concede that this position is supported by a good many authorities, that a deed void on its face cannot make color *because its apparent invalidity necessarily destroys the good faith* which is as important to furnish a basis for the application of the statute as the possession of the deed purporting to transfer the title. It is insisted with much force and learning that a void deed which will make color can only be applied to those cases where the deed is void for reasons *dehors* the instrument. We do not, however, feel at liberty to assume that the law is otherwise than as it has been declared by the supreme court. We therefore do not intend to either enter on the discussion of this question or express any opinion about it, other than to say it is the law of this jurisdiction as declared by the supreme authority that a deed, even though void on its face, will make color of title as fully and as effectually as though the deed was regular on its face and void for reasons *aliunde* the instrument.''

In *Walters v. Webster, supra,* the court, by Mr. Justice Gabbert, said:

''Defendant's title was based upon a tax deed. The plea of the statute of limitations which he sought to interpose related to this deed. On behalf of plaintiff it is urged that this deed is void on its face. It was issued and recorded more than seven years before plaintiff commenced his action. From this state of facts, it would constitute color of title under a proper plea of the statute of limitations and proof of the necessary facts.—*Williams*

*v. Conroy,* 35 Colo., 117; *DeForesta v. Gast,* 20 Colo., 307."

In *Silford v. Stratton, supra,* the last case to which our attention has been directed, the court had under consideration a treasurer's deed appearing on its face to be based on a sale to the county and an assignment of the certificate by the county clerk more than three years after its issuance, and therefore held to be void on its face. The court, by Mr. Justice Bailey, said:

"While this court has held that a deed void on its face is sufficient color to set the seven-year statute of limitation in motion, it has never held that such a deed, coupled with the payment of taxes, is *conclusive* of good faith." [Italics mine.] "So that it was competent for the defendant in this case, as was done, to introduce affirmative proof to establish the fact that the plaintiff did not act in good faith in the transaction."

Many other authorities from our own courts of last review might be cited, but are unnecessary. I have quoted somewhat at length the language of certain of the decisions for the purpose of showing that a tax deed, void on its face or for reasons *aliunde,* if it contains apt words of transfer, constitutes color of title, and as such is admissible in evidence, without regard to the peculiar ground which makes it void, or to the question of good faith; and, further, that such deed is also evidence of claim of title in good faith. Its character as color of title cannot be overcome by extraneous evidence, and therefore, when offered as color of title only, it must be admitted. Its effect as evidence of claim of title asserted in good faith may be attacked by anything in evidence tending to show a lack of good faith; and, on the other hand, the presumption of good faith may be supported and strengthened by any competent evidence. Mr. Justice Bailey, in *Silford v. Stratton, supra,* in saying that

the defendant may introduce affirmative proof to overcome the presumption of good faith raised by the color of title, and to establish the fact that the plaintiff did not act in good faith in the transaction, placed the burden of showing bad faith where it belongs—on the one alleging it.

The ruling of the supreme court in *Knight v. Lawrence, supra,* is that the "deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting it *had no faith or confidence in it.*" Confidence in the title is there made the test of good faith in *claim of title,* and also in *Hardin v. Gouveneur,* 69 Ill., 140.

In the instant case it is contended that, upon the authority of *Dalton v. Lucas,* 63 Ill., 337, and *Bowman v. Wettig,* 38 Ill., 416, Sedgwick, having omitted to give the notice of his intention to apply for the treasurer's deed as required by law, will be presumed to have done so for some sinister purpose, and will not be permitted to avail himself of a deed procured without such notice, even under the plea of the statute of limitations. That rule, if conceded for the purpose of affecting the presumption of good faith, has no possible effect upon the admissibility of the deed as color of title.—*Hardin v. Gouveneur, supra.* Moreover, upon the question of good faith, even the cases cited do not go so far as to hold that proof of such failure to give notice is conclusive evidence of the want of good faith, or conclusive proof of a sinister purpose, so that the presumption thus raised may not be overcome by other evidence. The holding of the court in those two cases rests upon its application of the maxim that every person is presumed to be familiar with the provisions of the constitution and the statute—in other words, is presumed to know the law—and follows certain prior rulings of that court, which hold that when a deed on its face discloses the fact of its illegality, the law will

presume bad faith, because the grantee therein, knowing the law, was apprized by the deed itself when he took it that there was no authority to execute it. This holding, it has been shown, is in direct antagonism and conflict with the uniform decisions of our own supreme court upon the question of color of title given and the presumption of good faith raised by a deed void on its face; and the cases of *Bowman v. Wettig* and *Dalton v. Lucas,* upon the point here involved, to-wit, whether upon the presumption that plaintiff knew the law, he must be held guilty of bad faith in accepting a deed issued without compliance therewith, have been flatly repudiated by later decisions of the Illinois supreme court. See *Miller v. Pence,* 132 Ill., 149, 23 N. E., 1030, and *Sexson v. Barker,* 172 Ill., 361, 50 N. E., 109. In the latter case, having under consideration the seven-year statute of limitations, the court said:

"There is no doubt that the deed to the defendant from the master in chancery constituted color of title, and the only controversy between the parties is whether it was acquired in good faith. The good faith of the defendant is a question of fact, and in the absence of evidence to the contrary it will be presumed. Bad faith will not be presumed, but must be established by proof. (*McConnel v. Street,* 17 Ill., 253; *McCagg v. Heacock,* 34 *id.,* 476; *Brooks v. Bruyn,* 35 *id.,* 392; *Morrison v. Norman,* 47 *id.,* 477; *Stumpf v. Osterhage,* 111 *id.,* 82.) In order to overcome this presumption the evidence must show a *design to defraud* the person having a better title, and in this case there is an absence of evidence tending to prove that fact.  *  *  *  It is claimed that the cases of *Bowman v. Wettig,* 39 Ill., 416, and *Dalton v. Lucas,* 36 *id.,* 337, establish the doctrine that defendant was bound to know the law and to know that the verbal contract for the land could not be enforced, and that the decree for its enforcement was erroneous, and therefore he was guilty

of bad faith in so acquiring the deed. Such a doctrine would abrogate the statute and require the party claiming its benefit to establish a valid title, and in the case of *Davis v. Hall,* 92 Ill., 85, it was said that the apparent teachings of the opinion in *Bowman v. Wettig, supra,* had not been adhered to in the later cases.''

And construing the case of *Dalton v. Lucas,* the court further said:

''That case involved a knowing and intentional omission by a purchaser at a tax sale to give a notice required by the statute, and thereby keep the owner in ignorance of his rights, and it has no application here.''

To be logically consistent, if, upon the question of good faith, the presumption that every person knows the law, is conclusive, the same rule would apply to a tax deed which is void on its face because showing that the assignment was made by the county clerk more than three years after the issuance of certificate or that several non-contiguous tracts of land were sold *en masse* for a gross sum, and be conclusive evidence of the bad faith of the purchaser who took it, and destroy his claim under the color of title, as is sought to be applied in this case, upon the presumption that the purchaser knew the law, and, knowing it, failed to give the requisite notice, therefore his sinister purpose will be not only presumed, but conclusively established. To me, it is clear that in the last analysis, the question of good faith or sinister purpose is one of fact, to be shown by all the evidence. If the purchaser in fact knew that he was required to give notice, and yet failed to give it, the sinister purpose might well be presumed; but if, as a matter of fact, he did not know of the existence of the statute, and, because of that ignorance, failed to give the notice, his good faith in the transaction is not even thrown in doubt by such failure. The intent, or design, to defraud the person having a better title, said in *Sexson v. Barker* to be necessary to overcome the

presumption of good faith, is absent. If, as said by our own court, good faith will be presumed by the taking of the deed itself, unless the facts and circumstances attending its execution showed that the party accepting it had no faith or confidence in the deed, it is plain that confidence in the title and purpose in acquiring it constitute the test of claim of title in good faith; design to defraud, lack of confidence in the title, of bad faith. I cannot give consent to the view that, as a basis for fixing the charge of *mala fides* upon a person who had not done some affirmative act enjoined by the law, the presumption that all men know the law is sufficient to overcome those other presumptions that all men act in good faith until the contrary is shown, and that a deed purports good faith; and also to overcome the further proof of good faith shown by a good and valuable consideration paid for the deed; placing the same upon record; taking actual possession of the premises conveyed and improving the same; occupancy thereof for a long period of years, and payment of taxes continuously, together with the oath of the party that when he took the deed he believed that it was valid, that as a matter of fact he was ignorant of the statutory requirement involved, and not aware of any failure upon his part to perform any duty enjoined on him by law or otherwise. If any doubt as to the good faith of such purchaser is raised by the mere failure on his part to give or cause to be given the statutory notice in question, he may rebut it by such proof as he offered and the court refused to admit.

The well-known maxims, *"Ignorantia facti excusat,"* *"Ignorantia juris non excusat,"* state fundamental principles which are general in their application; but, like all other general principles, have their exceptions. Ignorance of the invalidity of a deed is ignorance of a fact; but where such deed is void on its face, its invalidity is patent to everyone who knows the law, and therefore, it is con-

tended by some of the authorities, and asserted in the dissenting opinion, ignorance of its invalidity is equivalent to ignorance of law, which excuses no one; but the statute of limitations under consideration in this case was enacted for the very purpose of creating and enforcing an exception to the general rule announced by that maxim, and in effect has been so declared by the courts of this state. The same may be said as to the effect of the statute of limitations upon that other maxim, *"Nullus commodum capere potest de injuria sui propria"*—no one can take advantage of his own wrong. In law the "wrong" which estops, exists or does not exist according to whether there was an intent, purpose or design to defraud, where *mala fides* in fact must be shown to defeat a *bona fide* claim of title made through faith or confidence in the written instrument constituting color of title.

The case of *Richards v. Beggs,* 31 Colo., 186, 72 Pac., 1077, is quoted and relied on as conclusive against the admissibility of the deed in this case as color of title. As I read that case, it is not in point. There is no rule better known among lawyers or more fully recognized by the courts than that a decision in a given case is not authority beyond the facts of the case in which it is rendered. The deed was offered as paramount title. The opinion as reported in 31 Colo., 186, states that the action was in ejectment; that plaintiff's only evidence of title was a tax deed which he offered without any preliminary proof as to the assessed valuation of the land, or that the required notice of the time of redemption had been given, and that "for these reasons the deed was refused, and plaintiff *offering no further evidence,* a judgment of non-suit was entered." I think it is obvious from this statement of facts that the deed was offered as evidence of paramount title only, and that the question of color of title was not raised. But if we concede that, as claimed in argument, the opinion itself, as reported, does not disclose or indicate any limita-

tion upon the rule that the tax deed offered was inadmissible, a reference to the record of that case on file in the supreme court shows that 'the action was in ejectment, the defense a general denial. Under these circumstances, the statute of limitations could not be in issue, nor color of title a question. But it is further shown that the tax deed relied on was executed in May, 1900, and the suit was begun June 18, 1901, a little more than one year after the execution of the deed, and for that reason no statute of limitations could have been involved, and no question of color of title in the case; and a further inspection shows that the question of color of title or claim of title in good faith was not even mentioned in the pleadings or in the printed briefs and arguments on file; so that decision has no bearing whatever upon the question here under discussion.

In the outset, I stated that the position of the appellee, if accepted, is fraught with danger to established property rights. As hereinbefore shown, the supreme court has uniformly held for a period of twenty-nine years that a void tax deed gives color of title, and is presumptive proof of claim of title in good faith. This has become an established rule of property, and, supported by the payment of taxes for the requisite period, has become the foundation for extensive and valuable property rights, and this rule should be regarded as having all the force and effect of a statute. If it is to be changed, it should be by legislative action, for the very obvious reason that such a repealing statute could not be retrospective in its operation nor retroactive in effect; while, on the other hand, if repealed by a judicial act, it is both retrospective and retroactive, because it holds that the law as heretofore understood and declared has never been the law. It was well said in *Sexson v. Barker*, that such a decision would abrogate the statute of limitations itself. It would affect every title dependent for its validity upon the stat-

ute of limitations, if acquired within the prescriptive pe-
riod of twenty years, unless, having been settled by some
judicial proceeding, the title has become *res judicata*.
Moreover, in the instant case we are met in the outset
with a showing that the original patentee, who was made
the defendant in this case, evaded the payment of taxes,
with which governmental functions are carried on, for a
period of eleven or more years; that when made a party
defendant to this case he made no appearance; that Jack-
son, who did defend, secured a quitclaim deed from the
patentee for what is alleged to be a nominal consideration
only, and for speculative purposes, long after the suit was
instituted; that he bought a lawsuit with full knowledge
of its existence; and there is no equitable reason to justify
the raising of doubtful presumptions against the plaintiff
who has carried the burdens of taxation, and in favor of
such a defendant.

The tax deed offered as color of title should have
been admitted, as also the evidence offered as to posses-
sion and payment of taxes, together with other evidence
offered on the question of good faith; and for error in
refusing to admit the same, the judgment should be re-
versed.