[No. 8161.]

GIBSON V. BROWN.

The case ruled by *Gibson v. Woods,* 58 Colo. 544, and other cases cited.

*Error to Logan District Court.* HON. H. P. BURKE, Judge.

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

*Per Curiam:* (Department No. 1.)

Action in ejectment by Gibson v. Brown to recover possession of a quarter section of land in Logan County. Judgment for defendant. From the pleadings and facts all the material questions presented have been determined in: *De Foresta v. Gast,* 20 Colo. 307, 38 Pac. 244; *Bennet v. Northern Colorado S. L. & I. Co.,* 23 Colo. 470, 48 Pac. 812, 58 Am. St. Rep. 281; *Silford v. Stratton,* 54 Colo. 248, 130 Pac. 327; *Williams v. Conroy,* 35 Colo. 117, 83 Pac. 959; *Sullivan v. Collins,* 20 Colo. 528, 39 Pac. 334; *Walters v. Webster,* 52 Colo. 549, 123 Pac. 952, Ann. Cas. 1914A, 23; *Jackson v. Larson,* 24 Colo. App. 548, 136 Pac. 81; *Brinker v. U. P., D. & G. Ry. Co.,* 11 Colo. App. 166, 55 Pac. 207; *Chivington v. Colorado Springs Co.,* 9 Colo. 597, 14 Pac. 212; *Dyke v. Whyte,* 17 Colo. 296, 29 Pac. 128; *Bothwell v. Denver U. S. Co.,* 39 Colo. 221, 90 Pac. 1127; *Gibson v. Woods,* 58 Colo. 544, 147 Pac. 349.

Whether either party in ejectment can dispute or impeach the title of the common grantor is not involved. The defendant established title under a tax deed, and the testimony introduced by defendant, from which it appears that plaintiff did not have title to the premises, even if not admissible, did not prejudice him.

*Judgment affirmed.*