## No. 8699.

### MARVIN *v.* WITHERBEE.

1. LIMITATIONS—*Color of Title.* A judgment record may be color of title.

2. *Good Faith.* To entitle one claiming lands by the payment of taxes under color of title, good faith must be affirmatively shown.

Bill to Quiet Title to Lands. Plaintiff derived title under one *Warnick.* Defendants produced as color of title, a decree entered in a cause in which they were named as plaintiffs and one *Warwick* as defendant, quieting the title in them.

The land records of the county showed that the title stood in *Warnick. Held* that the defendants were conclusively presumed to know this, and there being no evidence to show any belief on their part that the proper party had been named as defendant in their action, or their good faith in the proceeding, the mere record was held insufficient to establish it.

Hill, J., dissented.

*Error to Yuma District Court, Hon. Haslet P. Burke, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error brought suit in the District Court of Yuma County to quiet title to certain lands which had theretofore been conveyed to him by quitclaim deed. It

appears that the land was conveyed by waranty deed to one A. C. P. Warnick in 1896, passed by him by quitclaim deed to one Moore in January, 1914, quitclaimed by Moore to one Howes in February, 1914, and conveyed by similar deed to the plaintiff in June of the same year.

The defendants offered an unacknowledged treasurer's deed as color of title, and its admission was refused. They then offered a decree and judgment roll from the County Court of Yuma County, in the case of *L. E. Witherbee* and *L. C. Witherbee v. A. C. P. Warwick,* as evidence of title. This decree was rejected for that purpose, but was later offered and received as color of title. The decree adjudges that the Witherbees are the owners in fee of the land, and cancels whatever interest A. C. P. *Warwick* has therein. A transcript of this judgment was recorded in the office of the County Clerk in 1902. The land described had been vacant and unoccupied for more than seven years prior to the commencement of the suit, and all taxes thereon had been paid by the Witherbees for that period. The court held the decree to be color of title made in good faith, and judgment was entered for defendants. Plaintiff brings the case here for review.

Defendants base their claim upon sec. 4090, R. S. 1908, which is, so far as applicable, as follows:

"Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven consecutive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title."

The first inquiry is whether the decree quieting title in the Witherbees as against A. C. P. *Warwick* is color of title made in good faith. This court in *Silford v. Stratton,* 54 Colo. 248, 130 Pac. 327, 330, at page 254, quotes with approval from *Warren v. Adams* 19 Colo. 515, 36 Pac. 604, the definition of color of title as referred to in the statute:

"The 'color of title' therein referred to must arise out of some conveyance purporting to vest in the grantee an interest in his own right adverse to the true owner."

It may be, under this definition, that the judgment and decree relied upon is not color of title, since strictly it is not a conveyance. But in the cases cited it was not necessary to determine whether anything other than some form of conveyance actually purporting to convey some interest adverse to the true owner, was color of title. The general and better rule does not confine color of title within such narrow limits. The rule, as stated in 2 C. J. 168, is as follows:

" 'Color of title' is a technical term, and for the purpose of adverse possession under the statute of limitations as to land, is that which has the semblance or appearance of title, legal or equitable, but which is in fact no title."

Under this rule the judgment relied upon is color of title. It is also necessary, however, that it be acquired in good faith. As was said in *Silford v. Stratton, supra:*

"Under the statute of limitations relied upon, in addition to the fact that the land must have been vacant and taxes paid for seven consecutive years, three things are essential: There must be color of title; the party must claim under it; that claim must be made in good faith. If any one of these elements be lacking, the title will be defeated."

The record before us shows that the title disclosed by the county records was in A. C. P. Warnick. By the judgment the title was quieted in the Witherbees as against one A. C. P. *Warwick.* It is urged here that this was a palpable mistake occasioned by the similarity of the appearance of the written names, and that the Witherbees were under an honest impression that judgment was taken against the proper party. While this may well be true, as matter of fact, still there was no proof offered to establish it, or to show the bona fides of the proceedings in which the judgment was secured. The county records were notice to all of the state of the title. The judgment relied upon is the creature solely of the Witherbees; they instituted the action, secured service of summons by publication, and recorded a transcript of the judgment as a means of setting in motion the statute of limitations for their own benefit. The color

of title which they claim is purely self serving, and, in the absence of evidence to the contrary, they are conclusively presumed to have known the true state of the title, and in whom vested.

In *Dussart v. Abdo Co.*, 57 Colo. 423, at page 429, 140 Pac. 806, 808, this court, in discussing the element of good faith in color of title said:

"But this claim under 'color of title' must be made in good faith, and is not available where the title is accepted with knowledge of its invalidity."

In this case claim of title is based upon a judgment secured by the claimants against a stranger thereto, and not a syllable of evidence was introduced explanatory of this situation. Under such circumstances the presumption that color of title was secured in good faith may not be properly indulged.

Judgment reversed and cause remanded for further proceedings in conformity with the views herein expressed.

Decision *en banc.*

Mr. Justice Teller concurs specially.

Mr. Justice Hill dissents.

Mr. Justice Teller concurring specially:

I concur in the judgment of reversal upon the ground that the defendants in error did not establish their good faith in securing the judgment upon which they rely as giving color of title; but I do not agree with so much of the opinion as holds that the judgment in question gives color of title.

Mr. Justice Hill dissenting:

I concur in the conclusion that the decree purporting to quiet title is evidence of title sufficient to start the running of the seven year statute of limitations. I cannot agree because in the suit to quiet title the last name of the defendant was spelled "Warwick" instead of "Warnick" that the testimony fails to establish that the claim of title under the decree was made in good faith. In that suit service was by publication. It set forth a description of the land, gave the correct initials of the alleged fee owner, and,

otherwise properly described him with the exception of using the letter "w" in his last name where "n" should have been used. The service by publication at least indirectly advised the world that the plaintiffs claimed to be the owners, stating the name of the opposing claimant correctly, with the exception of one letter. The plaintiffs thereafter showed their good faith by paying all taxes for more than seven years. I am of opinion that when these facts were shown they were sufficient to. establish good faith, and that instead of the plaintiffs being required to furnish further testimony of good faith, the burden was upon the defendant to overcome the case made. This was the position of the trial judge and in which I think he was right.