## No. 12,557.

MARYLAND CASUALTY COMPANY *v.* CITY AND COUNTY OF DENVER.

(6 P. [2d] 6)

Decided November 23, 1931.

Mr. S. D. CRUMP, for plaintiff in error.

Mr. GEORGE HETHERINGTON, Mr. THOMAS H. GIBSON, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

A SINGLE question is here presented: Did the trial court err in permitting the defendant, City and County of Denver, to plead the statute of limitations after the action had been set for trial upon issues joined on the merits only?

On October 31, 1928, the Maryland Casualty Company filed its complaint charging the defendant with causing the death of one Max Diamond by its negligence, and alleging a settlement by plaintiff under the Workmen's Compensation Act, subrogation of the rights of the widow of deceased in plaintiff's favor, and praying for judgment of $3,750, the amount paid by plaintiff in liquidation of the widow's claim.

Defendant, City and County of Denver, appeared and filed motions to make the complaint more definite and certain and a general demurrer which were overruled, and on March 5, 1929, filed its answer denying negligence and alleging contributory negligence of the deceased, to which a replication was filed. The case was set for trial to a jury upon April 9, 1929, and continued to May 7, 1929.

On May 2, 1929, defendant served plaintiff notice that on the following morning it would ask leave to file an amended answer, and in support thereof one of the attorneys for defendant filed the following affidavit: "That he is the attorney who drew the answer in the above entitled cause; that he is one of the attorneys of the said City and County of Denver; that at the time of drawing said answer his time was very much occupied with other actions and business of the said City and County of Denver, and through inadvertence he failed to insert in said answer the third and fourth defenses, which are now incorporated in the amended answer, which is sought to be filed herein by leave of court; that this matter was called to the attention of affiant only two days prior to the drawing of said amended answer and giving opposite side notice thereof; that application for leave to file said amended answer is made in good faith and that the ends of justice may be accomplished."

The amended answer, setting forth the two year statute of limitations, was permitted to be filed over plaintiff's objection and exception. Plaintiff's motion to strike defendant's amended answer from the files was

denied and it replied denying negligence, but made no issue on the defense of the two year statute of limitations plead in the answer. Thereupon, the plaintiff having elected to stand upon the pleadings, the court granted defendant's motion for a judgment on the pleadings and dismissed the suit. The assignments of error cover the single question suggested above.

After issues joined and a cause has been set for trial, a court may in the exercise of reasonable discretion and in the interest of justice permit the filing of an amended answer pleading additional defenses. 1 Bancroft's Code Pleadings, p. 797, §552; 37 C. J. 1227; *Walters v. Webster,* 52 Colo. 549, 123 Pac. 952; *Johnston v. Williams,* 1 N. C. 565; *Trower v. City and County of San Francisco,* 157 Cal. 762, 109 Pac. 617.

The trial court must be presumed to have exercised a reasonable discretion in permitting the amended answer to be filed unless the contrary clearly appears. Counsel's affidavit discloses that he did not know that the defense should have been inserted in the original answer until two days before the amended answer was drawn.

The record does not disclose what transpired on the hearing of the motion for leave to file said amended answer. It does not show that the "inadvertence" of counsel was equivalent to inexcusable neglect. No abuse of discretion is here shown.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.